**CITY OF OVERLAND, Respondent,**

v.

**Lyle WADE, Appellant.**

**No. ED–80257.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 16, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 2002.

Application for Transfer Denied
Oct. 22, 2002.

United States Constitution by imposing involuntary servitude and the due process rights set forth in the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Missouri Constitution. Once again, a defendant challenges his conviction, protesting that the grass is not his. Although here we agree that the grass is not his, we nevertheless uphold his conviction and affirm the circuit court.

This case was instituted in the municipal court of Overland, Missouri, upon complaint charging Wade with a violation of Section 225.310 of the City of Overland code for failing to mow the grassy right-of-way area abutting his property located between the sidewalk and the street. Wade was found guilty and filed a trial de novo in the Circuit Court of St. Louis County. After waiving his right to a jury trial, Wade was again found guilty by the circuit court and sentenced to pay a $500 fine, plus court costs. This appeal follows.

On appeal, Wade argues the circuit court erred in finding him guilty because Section 225.310 of the City of Overland code is unconstitutional. Wade maintains the grass-cutting ordinance violates the Thirteenth Amendment of the United States Constitution by imposing involuntary servitude. Wade also contends the ordinance violates the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Missouri Constitution by requiring him to maintain the city's property without compensation, which constitutes a taking of property without due process.

As an initial matter, we note Wade failed to challenge the constitutionality of the ordinance at the earliest opportunity and thereby failed to preserve these issues for appellate review. *Grandview v. Winters*, 768 S.W.2d 162, 165 (Mo.App.

Leonard Komen, Clayton, MO, for appellant.

Benicia Baker Livorsi, St. Charles, MO, for respondent.

ROBERT G. DOWD, Jr., Judge.

Lyle Wade (Wade) appeals from the circuit court's judgment finding him guilty of violating Section 225.310 of the City of Overland code, by failing to mow the grassy right-of-way area abutting his property located between the sidewalk and the street. Wade contends the circuit court erred in finding him guilty because the ordinance is unconstitutional in that it violates the Thirteenth Amendment of the

W.D.1989). However, we will exercise our discretion to review Wade's constitutionality claims for plain error pursuant to Rule 84.13(c). We will consider the constitutional claims to see if a manifest injustice or miscarriage of justice has occurred. Rule 84.13(c).

The City of Overland is a third-class city. Pursuant to Section 77.590, RSMo 2000, the City of Overland may enact any ordinance to maintain the peace and the welfare of the city. This statutory grant of authority allows the City of Overland to exercise general police powers and to pass ordinances for the welfare and safety of its citizens.

Section 225.310 of the City of Overland code, entitled "HIGH WEEDS AND HIGH GRASS PROHIBITED–MISDEMEANOR–PENALTY," provides:

> Any owner, lessee or occupant, or any agent, servant, representative or employee of any such owner, lessee or occupant, having control of any lot of ground or any part of any lot, who shall allow or maintain on any such lot any growth of weeds or grass to a height of eight (8) inches or more, shall be deemed guilty of a misdemeanor. Whenever private property abuts a public right-of-way or easement belonging to the City of Overland, or any public entity, and there exists in such right-of-way or easement a tree lawn or grassy area between the private property line and the midline of said right-of-way or easement, then such tree lawn or grassy area shall be considered, for purposes of this Section requiring cutting of grass and weeds, to be a part of the private lot which abuts the right-of-way or easement, and it shall be the duty of those responsible under this Section for the maintenance of the private lot to equally maintain the tree lawn or grassy area within the abutting right-of-way or easement, and all of the provisions of this Section shall apply with equal force and effect to said tree lawn or grassy area.

■ An ordinance is presumed a valid exercise of police power and the party challenging the ordinance carries the burden of showing that it is unreasonable. *Bezayiff v. City of St. Louis*, 963 S.W.2d 225, 229 (Mo.App. E.D.1997). An ordinance is a legitimate exercise of police power if the expressed requirements of the ordinance bear a substantial and rational relationship to the health, safety, peace, comfort, and general welfare of the municipality's citizenry. *Id.* If reasonable minds differ as to whether a particular ordinance has a substantial relationship to the protection of the general health, safety, or welfare of the public, then the issue must be decided in favor of the ordinance. *Id.*

We find the ordinance in question requiring the mowing of the grassy area in a right-of-way is a legitimate exercise of the City of Overland's police powers and is not unconstitutional. In deciding the validity of the ordinance, we rely in part on *Kansas City v. Holmes*, 274 Mo. 159, 202 S.W. 392 (1918). In *Kansas City*, the Supreme Court of Missouri addressed the constitutionality of an ordinance requiring property owners to remove snow and ice from adjoining sidewalks. *Id.* at 393. The property owner in *Kansas City* challenged the validity of the ordinance on many constitutional grounds, including involuntary servitude, taking without just compensation, and due process. *Id.* The court found that the only constitutional provisions that would have any relation to such an ordinance was the due process clause of the Missouri Constitution and provisions of the Missouri Constitution pertaining to taxation. *Id.* The court further found that the ordinance did not conflict with any of the constitutional provisions. *Id.* at 393–94. In deciding the issue, the court held that

the police powers of a city include the power to establish law "requiring each citizen to so conduct himself, and so use his own property, as not unnecessarily to injure another." *Id.* at 393. The court concluded that the ordinance requiring a land owner to keep the abutting sidewalk clean at his own expense was a valid exercise of a city police power and did not constitute a "violation of any provision of the state Constitution to which our attention has been directed." *Id.* at 395.

The ordinance in *Kansas City* is similar to the ordinance in question here. We find Section 225.310 of the City of Overland code to be a valid exercise of the municipality's police power, which is substantially and rationally related to the health, safety, peace, comfort, and general welfare of the inhabitants of the City of Overland. Furthermore, it has been held that the desire to maintain the beauty and aesthetics of a city's neighborhoods are proper concerns to be addressed through the police powers of the municipality. *City of Dellwood v. Lattimore,* 857 S.W.2d 513, 517 (Mo.App. E.D.1993).

As a valid exercise of police power, Section 225.310 of the City of Overland code presents no violation of any provision of the state constitution or the Thirteenth and Fourteenth Amendments of the United States Constitution. We find that no manifest injustice or miscarriage of justice has occurred. Points denied.

The judgment of the circuit court is affirmed.

CRANDALL, P.J., and CRANE, J., concur.