STATE ex rel. Jerome A. PETTI and Stanley F. Ebersohl, Appellants,

v.

Karen GOODWIN–RAFTERY, et al., Respondents.

No. ED 86886.

Missouri Court of Appeals, Eastern District, Division Four.

April 25, 2006.

Steve Koslovsky, St. Louis, MO, for appellant.

James E. Mello, John M. Hessel, St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Jerome A. Petti and Stanley F. Ebersohl (collectively referred to as "Plaintiffs") appeal from the trial court's dismissal of their petition for writ of mandamus and declaratory judgment against Karen Goodwin–Raftery, the City Clerk for the City of Florissant, ("City Clerk") and the City of Florissant ("Florissant") (collectively referred to as "Defendants"). Because Plaintiffs' petition failed to invoke principles of substantive law that, if proved, would entitle them to mandamus and declaratory relief, we affirm the trial court's dismissal of Plaintiffs' petition.

Plaintiffs are residents of Florissant. Florissant is governed by a city charter that was approved by the voters in May of 1963, pursuant to Article VI, Section 19 of the Missouri Constitution. Plaintiffs are opponents of a TIF redevelopment project known as "The Shoppes at Koch Park." The Florissant City Council passed and approved Ordinance No. 7149, which changed the zoning of certain property within the city from single family to commercial for "The Shoppes at Koch Park" development. Plaintiffs and other residents of Florissant opposing the project sought to have the zoning decision set aside by placing the matter before the voters through a referendum in accordance with Article XIII, Section 13.2 of the city charter. According to the pleadings, Article XIII, Section 13.2 of the charter reads as follows:

> The people shall have the power to approve or reject any ordinance of a legislative character, except ordinances appropriating money, authorizing the levy of taxes, calling an election, or amending the zoning ordinance. Prior to the effective date, as provided in Section 3.9 of the Charter, of any ordinance which is subject to the referendum, a petition containing the full title of such ordinance and signed by registered voters of the City equal in number to at least twenty (20) percent of the votes cast for the office of mayor in the last preceding regular municipal election may be filed with the city clerk, requesting that such ordinance either be repealed or submit-

ted to a vote of the registered voters of the city.

After obtaining the required signatures of registered voters on their referendum petition, Plaintiffs filed the referendum petition with the City Clerk. The City Clerk refused to submit the referendum petition to the Board of Election Commissioners for certification. Defendants refused to process the referendum petition because it contended that Ordinance 7149 was not the proper subject of referendum under the charter because it constituted an "amendment of the zoning ordinance."

Plaintiffs filed a petition seeking a writ of mandamus and declaratory judgment as to their rights under the city charter and to compel Defendants to proceed with the referendum. Plaintiffs attached Ordinance 7149 to their petition. The Shoppes at Koch Park, L.L.C. ("Koch Park") was granted leave to intervene. Thereafter, Defendants and Koch Park filed separate motions to dismiss Plaintiffs' petition for failure to state a claim upon which relief can be granted. The trial court requested the parties to submit proposed orders. The trial court subsequently granted the motions to dismiss and dismissed Plaintiffs' petition with prejudice. The trial court's order and judgment followed the proposed orders and judgments submitted by Defendants and Koch Park. Plaintiffs now appeal.

■ In their first point, Plaintiffs contend the trial court erred in dismissing their petition for mandamus and declaratory judgment because Plaintiffs set forth averments entitling them to a declaration of their rights to a referendum under the city charter. Plaintiffs also assert that the trial court's dismissal was improperly based upon the merits of Plaintiffs' claims and the trial court did not have the docu-

ments essential to such a determination in the record before it. We disagree.

■ Our review of a trial court's judgment of dismissal is de novo, and is based upon the record the parties have submitted to us. *Dodson v. City of Wentzville*, 133 S.W.3d 528, 533 (Mo.App. E.D. 2004). In reviewing the trial court's dismissal, we deem all facts pleaded to be true, liberally construe the petition's averments, and draw all reasonable and fair inferences therefrom. *Id.* The plaintiff is entitled to the benefit of every favorable inference that can be reasonably derived from the facts pleaded, and we must determine whether the petition invokes any substantive principle of law. *Id.* A petition cannot be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Goe v. City of Mexico*, 64 S.W.3d 836, 839 (Mo.App. E.D.2001).

■ We test the sufficiency of Plaintiffs' petition for declaratory judgment not by determining whether they are entitled to the relief prayed for, but by asking whether they are entitled to a declaration of rights or status on the facts they pleaded. *Dodson*, 133 S.W.3d at 535. We review the allegations in their petition to determine whether Plaintiffs invoked principles of substantive law that, if proved, would entitle them to declaratory relief. *Id.* Plaintiffs' petition must state facts, not mere conclusions, which support its allegations and demonstrate a justiciable controversy. *Id.*

■ Plaintiffs' claim for a declaratory judgment is refuted by the plain language of the city charter, which forbids a referendum to "approve or reject any ordinance ... amending the zoning ordi-

nance."[1] Municipal charters are adopted by a vote of the citizens of a municipality. MO. CONST. Article VI, Section 19; *State ex rel. Childress v. Anderson*, 865 S.W.2d 384, 387 (Mo.App. S.D.1993). The authority granted to municipalities by the Missouri Constitution to adopt and amend a charter reflects a city's "broad authority to tailor a form of government that its citizens believe will best serve their interest." *City of Springfield v. Goff*, 918 S.W.2d 786, 789 (Mo. banc 1996). The only limitation of that authority is that charter provisions must be consistent with Missouri's constitution and laws. *Id.* If consistent with and subject to the constitution and laws of the state, charter provisions have the force and effect of enactments of the legislature. *State ex rel. Childress*, 865 S.W.2d at 387.

■ Contrary to Plaintiffs' assertion in their petition, Article III, Section 52(a) of the Missouri Constitution does not grant an unlimited right to referendum.[2] While Article III, Sections 49 and 52(a) of the Missouri Constitution sets forth the power reserved to the people of Missouri to propose and enact or reject laws and amendments to the constitution by initiative and to approve or reject by referendum acts of the general assembly, the powers reserved to the people of Florissant with respect to use of the initiative and referendum processes are defined and limited by the city charter.[3] *See State ex rel. Powers v. Donohue*, 368 S.W.2d 432, 434 (Mo. banc 1963).

Furthermore, in *State ex rel. Powers*, the Missouri Supreme Court held that a charter provision that prohibits zoning from being the subject of initiative or referendum is valid and enforceable. In *State ex rel. Powers*, property owners filed a writ of mandamus asking the trial court to direct members of the board of election commissioners to place on the ballot an initiative petition to repeal an amendment to the St. Louis County zoning ordinances approved by the St. Louis County Council that rezoned from industrial classification to single family classification a 225 acre tract of land. *Id.* at 433–34. The trial court ordered that the proposed ordinance be placed on the ballot. *Id.* The Missouri Supreme Court overturned the trial court's ruling and determined that the rezoning ordinance passed by the St. Louis County Council was "an amendatory zoning ordinance" that could not be subject to the initiative or referendum process because the St. Louis County Charter exclusively reserved zoning matters to the St. Louis County Council. *Id.* at 438–39.

1. On appeal, Plaintiffs attempt to create an issue as to whether Ordinance 7149 constitutes "an amendment to the zoning ordinance" or whether Ordinance 7149 merely "amends the zoning district map." We are not persuaded by Plaintiffs' argument in light of the city charter and Plaintiffs' petition. Furthermore, Plaintiffs have not offered any legal authority to support their position.

2. Section 52(a) of Article III of the Missouri Constitution provides:

A referendum may be ordered (except as to laws necessary for the immediate preservation of the public peace, health or safety, and laws making appropriations for the current expenses of the state government, for the maintenance of state institutions and for the support of public schools) either by petitions signed by five percent of the legal voters in each of two-thirds of the congressional districts in the state, or by the general assembly, as other bills are enacted. Referendum petitions shall be filed with the secretary of state not more than ninety days after the final adjournment of the session of the general assembly which passed the bill on which the referendum is demanded.

3. At oral argument, Plaintiffs emphasized a distinction between the initiative process and the referendum. We are not persuaded that any distinction between the initiative process and the referendum has import in this case.

The *State ex rel. Powers* decision is on point and controlling. Here, like the St. Louis County charter in *State ex rel. Powers*, the Florissant city charter prohibits the use of referendum for an amendment to the zoning ordinance. This prohibition complies with the Missouri Constitution and state laws, and therefore is valid and enforceable. The trial court properly dismissed Plaintiffs' claim for declaratory judgment.

Next we turn to Plaintiffs claim for mandamus. Mandamus is a discretionary writ, not a writ of right. *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 576 (Mo. banc 1994). Mandamus will lie only when there is a clear, unequivocal, and specific right. *Id.* Mandamus is not appropriate to establish a legal right, but only to compel performance of a right that already exists. *Id.* The purpose of mandamus is "to execute, not adjudicate." *Id.*

In the present context, mandamus is clearly inappropriate. Section 13.2 of the city charter provides that the "people shall have power to approve or reject any ordinance of a legislative character, except ordinances appropriating money, authorizing the levy of taxes, calling an election, or amending the zoning ordinance." Plaintiffs' request for mandamus was properly denied because under the city charter, the City Clerk cannot take any action with respect to the referendum petition. The City Clerk was under no clear, unequivocal, presently existing duty to process Plaintiffs' referendum petition. Therefore, Plaintiffs did not have a specific right for mandamus to issue. Plaintiffs' attempt to use mandamus to establish a new right was properly denied.

In addition, Plaintiffs also assert the trial court erred in entering a judgment on the merits of Plaintiffs' petition without the benefit of an evidentiary hearing or consideration of the essential documents required to make a determination on the merits. Plaintiffs complain that the trial court did not have the actual city charter before it. However, Plaintiffs' petition quotes the pertinent part of Section 13.2 of the charter, as well as Respondents' motion to dismiss and Koch's motion to dismiss. Moreover, Plaintiffs do not dispute the quoted language. In addition, Plaintiffs complain that the city zoning ordinance and Ordinance 7149 was not before the trial court and thus, the trial court could not come to the conclusion it did. However, Plaintiffs' attached Ordinance 7149 to their petition. Furthermore, we are not convinced that the trial court needed the exact language of the city zoning ordinance in order to make its decision. The trial court properly made its decision to dismiss Plaintiffs' petition based on the information contained in the pleadings.

Plaintiffs further complain that the trial court erred in adopting Defendants' and Koch Park's proposed order and judgment verbatim. Although the practice of adopting verbatim the proposed findings of fact of one of the parties to litigation is not favored, *See Nolte v. Wittmaier,* 977 S.W.2d 52, 58 (Mo.App. E.D. 1998), Plaintiffs have not shown any reversible error under the circumstances of this case. Plaintiffs' first point is denied.

In their second point, Plaintiffs argue the trial court erred in dismissing their petition for mandamus and declaratory judgment because the exclusion of "amendments to the zoning ordinance" from the referendum process under the city charter was invalidated by the United States Supreme Court decision in *City of Eastlake v. Forest City Enterprises, Inc.,* 426 U.S. 668, 96 S.Ct. 2358, 49 L.Ed.2d 132

(1976).[4]  We disagree.

In *City of Eastlake,* the United States Supreme Court held that voters within a city may, through their charter, reserve to themselves the power to use the referendum procedure for zoning changes, and that such a provision does not improperly usurp a city government of its legislative powers thereby depriving affected landowners of their due process rights. *Id.* at 670, 679, 96 S.Ct. 2358.  In *City of Eastlake,* the plaintiff real estate developer challenged a provision of the City of Eastlake Charter that required any rezoning approved by the city council also be approved by a 55 percent vote of the residents in a referendum. *Id.* at 670–71, 96 S.Ct. 2358.  Among the grounds for attacking the referendum procedure was that it violated the Due Process Clause of the Fourteenth Amendment by delegating the zoning decision of a legislative body to referendum without the procedural safeguards or standards. *Id.* at 676–78, 96 S.Ct. 2358.  The United States Supreme Court found that submitting the zoning decision to referendum did not violate the due process clause and stated that "[a]s a basic instrument of democratic government, the referendum process does not, in itself, violate the Due Process Clause of the Fourteenth Amendment when applied to a rezoning ordinance." *Id.* at 679, 96 S.Ct. 2358.

Plaintiffs assert that the *City of Eastlake* decision reversed the holding in *State ex rel. Powers.*  In support of their contention, Plaintiffs cite to language from *State ex rel. Hickman v. City Council of Kirksville,* 690 S.W.2d 799, 803 (Mo.App. W.D. 1985), where the court stated that "in view of the United States Supreme Court case of *City of Eastlake v. Forest City Enterprises, Inc.,* 426 U.S. 668, 96 S.Ct. 2358, 49 L.Ed.2d 132 (1976), the vitality of the [*State ex rel. Powers* ] case may have been sapped."  Despite this language, we find that the *State ex rel. Powers* decision remains binding precedent.

In *State ex rel. Hickman,* the court was presented with a situation where the City of Kirksville, a third class city with a city manager form of government, did not have a city charter, and there was no provision of state statute that precluded the application of the initiative or referendum process to rezoning. *State ex rel. Hickman,* 690 S.W.2d at 800–1.  The plaintiffs in *State ex rel. Hickman* sought to purchase property contingent upon the property being rezoned from residential to commercial. *Id.* at 800.  The city council denied the rezoning request and the plaintiffs sought to place the issue before the voters through an initiative petition. *Id.*  The city council rejected the initiative petition contending that the law did not provide for initiative action under the city manager form of government, and that an rezoning issue was of an administrative nature and not proper to be voted upon by the people of the city. *Id.*  In affirming the trial court's issuance of a writ of mandamus to force the issue on the ballot, the court held the proposed zoning ordinance constituted leg-

---

**4.**  In their petition, Plaintiffs asserted the provision of the city charter eliminating the right of referendum with respect to ordinances amending the zoning ordinance "is unlawful and invalid, and in contravention of the rights of Plaintiffs and other citizens of the City of Florissant to a referendum vote on legislative actions of the city council."  On appeal, Plaintiffs claim that the city charter provision prohibiting the referendum process in amending the zoning ordinance is unconstitutional relying on *City of Eastlake.*  We find that Plaintiffs failed to properly raise this constitutional issue in the court below and thus, the constitutional issue is not preserved for review on appeal. *City of Overland v. Wade,* 85 S.W.3d 70, 70 (Mo.App. E.D.2002).  However, we will exercise our discretion and address Plaintiffs contention. *Id.* at 71.

islative, rather than administrative, action and could be the subject of initiative, and that the zoning enabling statutes did not preempt zoning measures from the initiative process. *Id.* at 802–803. Thus, the court held that because there was no limitation on the use of initiative or referendum under the laws applicable to the city at that time, the people of the city had the right to use the initiative procedure for the rezoning issue. *Id.*

Here, unlike *State ex rel. Hickman,* there was a provision in the city charter limiting the right of the people of Florissant to use the initiative or referendum process for an amendment to the zoning ordinance. There is nothing in the *State ex rel. Hickman* decision indicating that such a limitation in a city charter would be unconstitutional. In addition, the court in *State ex rel. Childress,* disagreed with *State ex rel. Hickman* to the extent that it suggested the holding in *State ex rel. Powers* is no longer valid. *State ex rel. Childress,* 865 S.W.2d at 391. The *State ex rel. Childress* court noted that "the issues presented in [*City of Eastlake*] and [*State ex rel. Powers*] were not the same." *Id.*

Furthermore, in *State ex rel. Trotter v. Cirtin,* 941 S.W.2d 498 (Mo. banc 1997), the Missouri Supreme Court relied on *State ex rel. Powers* to imply that zoning matters may properly be insulated from referendum by provisions in city charters. In *State ex rel. Trotter,* the court decided the referendum matter on a ripeness issue, but the court stated that "[t]he Springfield City Charter reserves to the people of Springfield the rights of initiative, referendum, and recall. No language in the charter expressly exempts zoning matters from these rights as in *State ex rel. Powers v. Donohue,* 368 S.W.2d 432 (Mo. banc 1963). In fact, the people of Springfield rejected such an exemption in an election held on April 5, 1994."

The people of Florissant voted for a charter that prohibited the use of referendum for amendments to the zoning ordinance. There is no unlimited right to use the initiative or referendum process. The people of Florissant expressed limitation on the use of the referendum process in rezoning matters and this limitation is not unconstitutional. The trial court did not err in dismissing Plaintiffs petition. Plaintiffs' second point is denied.

The judgment is affirmed.

NANNETTE A. BAKER, P.J. and SHERRI B. SULLIVAN, J., concur.