George SCHLARMAN, et al.,
Plaintiffs-Appellants,

v.

The CITY OF ST. CHARLES,
Defendant-Respondent.

No. 43107.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 29, 1981.

J. B. Carter, Clayton, for plaintiffs-appellants.

Keith Hazelwood, St. Charles, for defendant-respondent.

STEWART, Judge.

Plaintiffs filed an action to set aside two judgments of the Circuit Court of St. Charles County that authorized annexation of certain portions of highway right-of-way contiguous to the corporate limits of the City of St. Charles. The trial court entered judgment in favor of the City of St. Charles. On this appeal we affirm.

The plaintiffs are the occupants and holders of fee simple title to land adjoining the highway right-of-way outside of the corporate limits of the City of St. Charles.

Plaintiffs' primary contention is that the court erred in ruling that the Highway Commission was an inhabitant of the area proposed to be annexed because plaintiffs as the holders of the fee were the inhabitants and should have been made parties to the actions for annexation of the various segments of the highway right-of-way.

The procedure for annexation, § 71.015 RSMo 1953, requires among other things that the legislative body after certain determinations and public hearing pass an ordinance to annex the area selected. It then, as pertinent to our consideration of this case, provides that the governing body of the municipality file a declaratory judgment action which "shall be a class action against the inhabitants of such unincorporated area under the provisions of Section 507.070, RSMo.1949."

It has long been held that in the condemnation of real property for highway purposes, although the measure of damages is the fair market value of the land taken,[1] the condemnor obtains only an easement over the highway right-of-way. The fee remains with the adjoining property owners. *State ex rel. State Highway Commission v. James*, 356 Mo. 1161, 205 S.W.2d 534 (1947).

Plaintiffs argue that the recent case of *City of St. Charles v. Schone*, 569 S.W.2d 769 (Mo.App.1978) defines "inhabitants" as residents; that the Highway Commission cannot be considered as residing upon the highway; that plaintiffs as persons owning and residing upon land adjacent to the highway and thus holding the fee, subject to the easement, must be considered the inhabitants of the land to which the court authorized annexation in the two declaratory judgment actions.

We are of the opinion that plaintiffs have misread *Schone, supra*. As we read *Schone* the court held that as between the owners of certain apartment buildings and commercial establishments and the occupants of those buildings the occupants, or residents

---

1. Other elements of damage may, of course, be considered such as damages or benefits to the property remaining when there has been a practical taking. *State ex rel. State Highway Commission v. Bruening*, 326 S.W.2d 305 (Mo. 1959).

as referred to in the opinion, the latter were inhabitants within the meaning of the statute.

The words "inhabit" and thus "inhabitant" are much broader in scope than "reside" or "resident." Inhabit has been defined as:

"1: to occupy as a place of settled residence or habitat: live or dwell in . . . 2a: to be at home in: . . . OCCUPY . . . b: to occupy, be present in, or be inside of in any manner or form . . . to have residence in a place: DWELL, LIVE"

Webster Third New International Dictionary Unabridged 1969.

■ Viewed in the context of § 71.015 RSMo 1953 it is our opinion that it was the intent of the legislature to require the declaratory judgment to be brought against those persons who had the greatest present interest in the area sought to be annexed. The term inhabitant in this sense would be the occupant. The person having the present control over the area. It is obvious that the State of Missouri in the person of the Highway Commission has possession and control of the highway system. Plaintiffs have no rights to or upon the highways other than that which is common to all travelers upon the highways in this state.

We are not here called upon to determine whether the area separated from the boundary of a municipality by a road in the state highway system is contiguous to that municipality and we do not here rule that issue. It would seem, however, that the legislature did not intend that such a road would forever be a barrier to the logical expansion of such a municipality.

■ We hold that the State Highway Commission as the occupant has domain and control over the portions of the highway involved in this case and was the inhabitant of the area annexed. Plaintiffs are not inhabitants of the area approved for annexation.

■ The issue that necessarily follows is whether plaintiffs have standing to attack the judgments on other grounds sought to be raised. Standing goes to the jurisdiction of the court. In order to have standing to bring an action the person must have some actual and justiciable interest susceptible of protection in the suit. In the *Interest of DMH*, 516 S.W.2d 785, 787 (Mo.App.1974).

■ It has been held that inhabitants of the area of the proposed annexation may bring an action for injunction to enjoin an attempted annexation where it is contended that the annexation is unreasonable. *Seibert v. City of Columbia*, 461 S.W.2d 808, 809 (Mo.1970). An action may also be brought by inhabitants within the area of annexation where the attempted annexation has no semblance or color of legal right. *Julian v. City of Liberty*, 427 S.W.2d 300 (Mo.App.1968). We have found no case where persons outside the area proposed for annexation have been held to have the capacity to bring such actions.

As demonstrated above plaintiffs are not inhabitants of the area proposed for annexation. They will not be entitled to services provided by the City for the area nor will they bear any of the burdens imposed by reason of annexation. Plaintiffs have no actual justiciable interest susceptible of protection in this action. In the *Interest of DMH, supra.* They were not adversely affected by the judgments and may not challenge the action of the court. See *Warner Brothers Pictures v. Lawton-Byrne-Bruner Ins. Co.*, 79 F.2d 804, 809 (8th Cir. 1935). We need not discuss other issues sought to be raised by plaintiffs.

The judgment of the trial court is affirmed.

STEPHAN, P. J., and DOWD, J., concur.