**Vince E. MANZER and Margaret F. Manzer, as Trustee of the Paul v. Manzer Trust, Appellants,**

v.

**Jorge M. SANCHEZ, Manzer, Sanchez & Associates, Inc., Dan Ising and Robert McIntyre, Respondents.**

No. ED 77310.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 29, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 2000.

**382**

Thomas A. Connelly, St. Louis, for appellant.

Warren W. Friedman, Frank Susman, Kenneth B. Newman, St. Louis, for respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Vince E. Manzer and Margaret F. Manzer (collectively referred to as Appellants) appeal from the judgment of the trial court granting Manzer, Sanchez & Associates, Inc.'s (MSA), and Jorge M. Sanchez's (Sanchez) motions to dismiss Appellants' First Amended Petition and dismissing Appellants' petition. Appellants contend the trial court erred in granting MSA's and Sanchez's motions to dismiss for failure to state a cause of action in light of the holding in *Manzer v. Sanchez*, 985 S.W.2d 936 (Mo.App. E.D.1999). We reverse and remand.

On May 9, 1996, Appellants filed a nine-count petition for injunctive and other relief against MSA, against Sanchez, and against Dan Ising (Ising) and Robert McIntyre (McIntyre). Specifically, Appellants alleged and/or sought an accounting (Count I); breach of fiduciary duty (Count II); misappropriation of corporate assets (Count III); a constructive trust (Count IV); conversion (Count V); fraud (Count VI); fraud committed by aiders and abettors (Count VII); injunctive relief (Count VIII); and declaratory judgment (Count IX).

MSA, Sanchez, and Ising and McIntyre filed motions to dismiss Appellants' petition for failure to state a claim for relief. Appellants filed a motion for leave to amend to file their proposed First Amended Petition. The trial court denied Appellants' motion for leave to amend, and thereafter, the trial court granted MSA's, Sanchez's, and Ising and McIntyre's motions to dismiss and dismissed Appellants' petition with prejudice. Appellants appealed the trial court's judgment. *Manzer v. Sanchez*, 985 S.W.2d 936 (Mo.App. E.D. 1999) (hereafter *Manzer I* ).

On appeal, this court reversed the decision of the trial court, and held that the trial court abused its discretion in failing to grant Appellants leave to amend and file their proposed First Amended Petition. *Id.* at 941. This court analyzed each of the six counts in Appellants' First Amended Petition and found each count directed against MSA and Sanchez did sufficiently state a cause of action. *Id.* at 940–941. Accordingly, the case was reversed and remanded to the trial court for further proceedings. *Id.* at 941.

On remand, Appellants were granted leave to amend and filed their First Amended Petition. Appellants' First Amended Petition contained six counts alleging and/or requesting an accounting (Count I); fraud (Count II); conversion (Count III); fraud committed by aiders and abettors (Count IV); injunctive relief (Count V); and declaratory judgment (Count VI).

Thereafter, Ising and McIntrye filed a motion to dismiss, which was granted by the trial court and is not at issue here. On July 15, 1999, MSA and Sanchez again filed motions to dismiss Appellants' First Amended Petition for failure to state a cause of action asserting the same grounds as in their previous motions to dismiss.[1]

---

1. We note that Sanchez's arguments requesting dismissal of Counts IV, V, and VI of Appellants' First Amended Petition do not co-incide with the corresponding counts of Appellants' First Amended Petition, but rather

In addition, Sanchez moved for dismissal on the ground that Appellants' First Amended Petition was not verified as required by Rule 52.09. Thereafter, MSA filed a supplemental motion to dismiss Appellants' First Amended Petition alleging Appellants' petition was not verified in accordance with the requirements and mandates of Rule 52.09.

■ On December 9, 1999, the trial court granted MSA's and Sanchez's motions to dismiss Appellants' First Amended Petition without prejudice and without stating the reason for the dismissal, and ruled all other motions moot. On December 13, 1999, the trial court, sua sponte, amended its Order to denominate it as "Judgment and Order." This appeal follows.[2]

■ When reviewing the trial court's dismissal of a petition, this court determines if the facts pleaded and the inferences reasonably drawn therefrom state any ground for relief. *Wheelehan v. Dueker*, 996 S.W.2d 780, 781 (Mo.App. E.D.1999). We treat all facts alleged as true and construe allegations liberally and favorably to the plaintiff. *Id.* When the trial court fails to specify its reason for dismissing the petition, we presume the trial court acted for one of the reasons stated in the motion to dismiss. *Shores v. Express Lending Services, Inc.,* 998 S.W.2d 122, 125 (Mo.App. E.D.1999). Dismissal will be affirmed if it can be sustained on any ground supported by the motion, regardless of whether the trial court relied on that ground. *Id.* A petition will not be dismissed for failure to state a claim if any set of facts asserted which, if proved, would entitle the plaintiff to relief.

*Vickers v. Progressive Cas. Ins. Co.,* 979 S.W.2d 200, 202 (Mo.App. E.D.1998).

■ In their first point, Appellants contend the trial court erred in granting Sanchez's motion to dismiss Appellants' First Amended Petition for failure to state a claim. Appellants assert the decision in *Manzer I* holding Appellants' First Amended Petition sufficiently stated a cause of action is the "law of the case," and therefore, the trial court erred in dismissing the petition for failure to state a claim. In their second point, Appellants assert the same error of the trial court in granting MSA's motion to dismiss. We address these two points together.

■ The "law of the case" doctrine governs successive appeals involving the same issues and facts. *Bellon Wrecking & Salvage Co. v. David Orf, Inc.,* 983 S.W.2d 541, 546 (Mo.App. E.D.1998). The rule of the law of the case is that, in general, the decision of an appellate court is the law of the case on all points presented and decided and remains the law of the case throughout all subsequent proceedings, both in the trial and appellate courts, and no questions involved and decided on the first appeal will be considered on a second appeal. *Id.; Kansas City v. Keene Corp.,* 855 S.W.2d 360, 366 (Mo. banc 1993). The law of the case rule also applies to issues which arose prior to the first appeal and which might have been presented at the time but were not. *Lehnig v. Bornhop,* 896 S.W.2d 714, 715 (Mo.App. E.D.1995).

This court addressed the issue of whether Appellants' First Amended Petition stated a cause of action in *Manzer I. See Manzer I,* 985 S.W.2d at 940–941. In analyzing whether the trial court abused its discretion in failing to allow Appellants

address Counts IV, V, and VI of Appellants' original petition.

**2.** A dismissal without prejudice for failure to state a claim upon which relief can be granted has been held to be tantamount to a determination that a plaintiff has no cause of action, and results in a final, appealable judgment. *Hasemeier v. Smith,* 361 S.W.2d

697, 699 (Mo. banc 1962). Therefore, a plaintiff may elect to stand on the dismissal without prejudice of a claim for failure to state a cause of action and appeal on the merits. *See Mahoney v. Doerhoff Surgical Services, Inc.,* 807 S.W.2d 503, 506 (Mo. banc 1991).

leave to amend and file their First Amended Petition, this court determined whether the proposed amended petition would cure the inadequacy of the original petition. *Id.* at 939. In making that determination, this court found that each count in Appellants' First Amended Petition sufficiently stated a cause of action. *Id.* at 939–941. In the present proceeding, the causes of action have not changed and there has been no new evidence. Accordingly, our ruling in *Manzer I* that Appellants' First Amended Petition sufficiently stated a cause of action is the law of the case.

MSA and Sanchez's arguments based on res judicata are misplaced and we will not address them. Further, MSA and Sanchez's argument that the language in *Manzer I* demonstrating Appellants' First Amended Petition stated a cause of action was dicta is incorrect. MSA and Sanchez assert that such language was unnecessary and, therefore, is dicta. However, MSA and Sanchez have failed to take into account that in determining whether leave to file an amended petition should be granted, one factor we consider is "whether the amendment could cure the inadequacy of the moving party's pleading." *Manzer I,* 985 S.W.2d at 939; *See Curnutt v. Scott Melvin Transport, Inc.,* 903 S.W.2d 184, 193 (Mo.App. W.D.1995). This court went on to state, "[o]ne key factor in this case is whether the proposed amendment could cure the inadequacy of the petition in light of Respondents' motions to dismiss." *Manzer I,* 985 S.W.2d at 939. This court then concluded, "Appellants' proposed amendment would have cured the procedural defects of the original petition. Appellants' proposed First Amended Petition articulated sufficient facts to support their claims, and the proposed amendment did not set forth or add any new causes of action." *Id.* Under our standard of review in determining whether leave to amend was properly denied, this court properly addressed whether the proposed amendments would cure the defects of the original petition, and such language is not dicta. To reiterate, we have already determined

in *Manzer I* that Appellants' First Amended Petition sufficiently stated a cause of action, and therefore, such language is the law of the case and not dicta.

However, MSA and Sanchez further contend that Appellants' First Amended Petition did not comply with Rule 52.09, and therefore, the petition was properly dismissed. Specifically, MSA and Sanchez argue Appellants' First Amended Petition was not verified as required by Rule 52.09. Rule 52.09 provides, in pertinent part, "the petition *shall be* verified and shall allege that the plaintiff was a shareholder or member at the time of the transaction of which there is a complaint or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law." (Emphasis added.) Sanchez included this allegation in his motion to dismiss. MSA included this ground for dismissal in its supplemental motion to dismiss. The trial court in its judgment granted MSA's motion to dismiss and ruled MSA's supplemental motion to dismiss containing the allegation of Appellants' failure to verify their petition in accordance with Rule 52.09 moot.

■ After review of Appellants' First Amended Petition, we note the petition has not been verified in accordance with Rule 52.09. However, because Appellants' First Amended Petition was dismissed without prejudice, dismissal on the ground that the petition was not properly verified as required by Rule 52.09 is not appealable. Dismissal without prejudice for failure to verify as required by Rule 52.09 does not have the practical effect of terminating the action in the form cast, and thus, is not appealable. *See Shores,* 998 S.W.2d at 125. We will, however, address the issue to prevent further confusion on remand.

■ Appellants contend this court in *Manzer I* decided that the Appellants' First Amended Petition pleaded the allegations required by Rule 52.09, and therefore, the law of the case doctrine again applies. In *Manzer I,* this court stated:

Appellants pled the allegations required by Rule 52.09 which requires for a derivative action that "the petition shall be verified and shall allege that the plaintiff was a shareholder or member at the time of the transaction of which there is a complaint ... The petition shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action desired from the directors or comparable authority and, if necessary, from the shareholders or members and the reasons for the failure to obtain the action or for not making the effort." Paragraph 1 and 2 of the proposed First Amended Petition alleges that Appellants were shareholders at all times relevant to the action. Paragraph 14 of the proposed First Amended Petition provides, in part, "Plaintiffs have made demand upon the corporation and corporate counsel of [MSA] to take action against [Sanchez] and the corporation has refused to take any action." *Manzer I,* 985 S.W.2d at 940. Appellants argue that under the law of the case doctrine their First Amended Petition complies with the requirements of Rule 52.09, and thus, Sanchez and MSA cannot relitigate that issue.

However, the law of the case doctrine is inapplicable to Sanchez's assertion of failure to verify Appellants' First Amended Petition as grounds for dismissal. In *Manzer I,* this court stated that "Appellants pled the *allegations* required by Rule 52.09...." (Emphasis added.) This court then went on to discuss where Appellants pleaded there were shareholders and that they made a demand upon MSA and corporate counsel to MSA to take action and that MSA refused to take any action. This court did not determine whether Appellants' First Amended Petition was properly verified in accordance with Rule 52.09, and therefore, the law of the case rule does not apply.

The trial court's judgment is reversed and the case is remanded to permit Appellants to file a verification of its First Amended Petition as required by Rule 52.09. If Appellants file such verification, the First Amended Petition shall not be subject to dismissal for failure to state a cause of action.

MARY RHODES RUSSELL, J., and RICHARD B. TEITELMAN, J., concur.