Shirley May DODSON, Appellant,

v.

CITY OF WENTZVILLE, Respondent.

No. ED 83464.

Missouri Court of Appeals,
Eastern District,
Division One.

April 27, 2004.

Steve Koslovsky, St. Louis, MO, for appellant.

Robert M. Wohler, O'Fallon, MO, for respondents.

MARY R. RUSSELL, Judge.

Shirley May Dodson ("Landowner") appeals from the order dismissing her petition for declaratory and injunctive relief against the City of Wentzville ("City"), which asserted that City's annexation of a tract of land adjacent to her property was invalid. She contends that the trial court erred in dismissing her petition because she stated a valid claim for a declaratory

judgment and injunctive relief. She specifically alleges that her petition properly sought a determination of the validity of City's annexation on the grounds that it did not comply with the statutory requirement that the annexed area be contiguous and compact to City. We reverse and remand in that we find Landowner had standing to challenge City's annexation and properly stated a claim for declaratory and injunctive relief.

Landowner owns a tract of unincorporated and undeveloped land in St. Charles County that abuts the boundaries of City. Her property lies between City's boundaries and property owned by Harold Burkemper. Burkemper petitioned City to voluntarily annex his property pursuant to section 71.014 RSMo.2000,[1] and to thereafter rezone it for single-family residential development.

City obtained a court order in January 2003 that authorized the condemnation of a 40 feet wide by 2038 feet long portion of Landowner's property. City's brief states that this condemnation was sought "to connect the Burkemper property with the City limits and allow for the extension of a sanitary sewer line to serve that property as well as [her] property with sewers." Landowner has directly appealed the order of condemnation in a separate appeal to our court.[2]

Following the court's order of condemnation, a panel of commissioners assessed Landowner's damages from the condemnation to be $50,000. City deposited $50,000 into the court's registry to satisfy the condemnation award. After City paid the commissioners' award into the court's registry, it obtained title to the condemned portion of Landowner's property. *See Seliga Shoe Stores, Inc. v. City of Maplewood*, 558 S.W.2d 328, 332 (Mo.App.1977).

City thereafter annexed the condemned parcel and commenced voluntary annexation proceedings for the Burkemper property. Landowner filed a petition seeking a declaratory judgment and injunctive relief, challenging the validity of City's annexation of the Burkemper property. Her petition alleged that City's annexation ordinance should be declared void because the Burkemper property was not contiguous and compact with City's boundaries. She asked the court to set aside both the condemnation of her property and the annexation of the Burkemper property. She requested that the court enjoin City from proceeding with the annexation of the Burkemper property, arguing that the condemnation that City effectuated in order to establish contiguity was invalid because it was for the improper purpose of benefiting the Burkemper property, rather than the public good. She also requested that City be enjoined from taking actions in furtherance of the annexation, including exercising control over the condemned portion of her property.

---

1. All further statutory references are to RSMo. 2000 unless otherwise indicated.

2. *See City of Wentzville v. Dodson*, ED82994 [hereinafter *Dodson I* ]. In that appeal, Landowner alleged the condemnation of her property was invalid in that City sought the condemnation for the improper purpose of establishing contiguity with the Burkemper property. City's brief in the instant case and its statements at oral argument acknowledged that connecting City's boundaries to the Burkemper property was a consideration that coupled with City's desire to provide water and sewer infrastructure to future growth on the Burkemper property. In *Dodson I*, we declined to address Landowner's assertions that City's condemnation was for an improper purpose or that it unnecessarily obtained fee simple ownership of the condemned parcel. Instead, in that case we reversed the court's denial of Landowner's motion to continue seeking time to conduct limited discovery related to her assertions of impropriety, and we remanded the case to the trial court for retrial after she conducted limited discovery.

City filed a motion to dismiss Landowner's petition, contending that she failed to state a cause of action for declaratory or injunctive relief or that her action was barred because she had already challenged the validity of the condemnation in a separate action. City filed a memorandum in support of its motion to dismiss that further asserted that her action should be dismissed because she did not have standing to challenge the annexation of the Burkemper property. City alleged that after it had paid the commissioners' award, Landowner lost ownership of the portion of her property that City condemned and annexed, and, therefore, could not allege that she was adversely affected by the annexation.

Landowner filed a memorandum in opposition to City's motion to dismiss that asserted that she had standing because she was an adjoining landowner to the proposed annexation. *See Reed v. City of Union,* 913 S.W.2d 62 (Mo.App.1995); *Martee v. City of Kennett,* 784 S.W.2d 621 (Mo.App.1990).

The circuit court granted City's motion to dismiss. The court's order did not elaborate its reasons for dismissing Landowner's action, but it did state that the court found the cases Landowner cited regarding standing for adjoining landowners were distinguishable.

Landowner appeals the dismissal. She asserts in her point on appeal that the motion court erred in dismissing her action because she had standing and stated a valid claim for declaratory and injunctive relief.

Our review of a trial court's judgment of dismissal is de novo, and is based upon the record the parties have submitted to us. *Cmty. Care Ctr. of Lemay v. Mo. Health Facilities Review Comm.,* 92 S.W.3d 232, 234 (Mo.App.2002). In reviewing a court's dismissal of a declaratory judgment action, "we deem all facts pleaded to be true,

liberally construe the petition's averments, and draw all reasonable and fair inferences therefrom." *Sandy v. Schriro,* 39 S.W.3d 853, 855 (Mo.App.2001). Landowner is entitled to the benefit of every favorable inference that can be reasonably derived from the facts she pleaded, and we must determine whether she has invoked any substantive principle of law that entitles her to relief. *Bear Foot, Inc. v. Chandler,* 965 S.W.2d 386, 387 (Mo.App.1998).

If the trial court does not specify its reason for dismissing a petition, we presume that it acted for one of the reasons stated in the defendant's motion to dismiss. *Manzer v. Sanchez,* 29 S.W.3d 380, 383 (Mo.App.2000). We will affirm the trial court's dismissal of a petition if it can be sustained on any ground supported by the motion, regardless of whether the trial court relied on that ground. *Id.* City's motion to dismiss and its memorandum in support of dismissal reveal the grounds the court might have considered in dismissing Landowner's petition: (1) she lacked standing to challenge City's annexation of the Burkemper property; (2) her petition failed to state a claim; (3) her action was barred by res judicata or collateral estoppel; and (4) her pleadings did not include a copy of the ordinances she was pleading as required by Rule 55.22.

We first consider whether Landowner had standing to bring her action for declaratory and injunctive relief.

Standing relates to the jurisdiction of the court, and to have standing a plaintiff must show she has "some actual and justiciable interest susceptible of protection" by her suit. *Schlarman v. City of St. Charles,* 623 S.W.2d 57, 59 (Mo.App. 1981). In determining if Landowner has standing to challenge the annexation of the Burkemper property, we must treat

her properly pleaded facts as true, give her allegations a liberal construction, and make reasonable inferences fairly deductible from the facts stated. *Schweig v. City of St. Louis,* 569 S.W.2d 215, 223 (Mo.App.1978).

■ Generally, inhabitants of areas proposed for annexation can bring an action to enjoin the attempted annexation where they contend the annexation is unreasonable or illegal. *Schlarman,* 623 S.W.2d at 59. Landowner, however, correctly asserts that persons owning property that abuts areas of proposed annexation have been found to have standing to challenge the annexations. *Reed,* 913 S.W.2d 62; *Martee,* 784 S.W.2d 621.

In *Martee,* the plaintiff argued that a city's annexation proposal purposely excluded his property from the annexed area so that he would lack standing to challenge the annexation. 784 S.W.2d at 625. The Southern District noted that "[t]he fact the plaintiff does not own property in or reside in the [annexation area] does not establish the plaintiff has no standing to complain of the failure of the [c]ity to follow the requirements of [the annexation statute]." *Id.* at 625–26. The court further stated the general rule of standing—that " '[t]he party seeking relief must demonstrate that he has a specific and legally cognizable interest in the subject matter of the [action] and that he has been directly and substantially affected thereby.' " *Id.* at 626 (quoting *Metro Auto Auction v. Dir. of Revenue,* 707 S.W.2d 397, 400 (Mo. banc 1986)). The plaintiff in *Martee,* while not

within the annexed area, was found to have standing to challenge the annexation as not being contiguous and compact. *Id.* The court stated the annexation would alter the status of his property with respect to future annexation by the city and, therefore, it found that he had an interest in the annexation sufficient to give him standing. *Id.*

In *Reed,* our court found that a property owner whose land was adjacent to an area a city sought to annex had standing to contest a voluntary annexation on the grounds that it did not comply with the compact and contiguous requirement of section 71.012.[3] 913 S.W.2d at 64. We held that the plaintiff adjoining landowner in *Reed* was impacted by the proposed annexation because: (1) the annexation altered the status of her property with respect to future annexations; and (2) the annexation subjected her property to future use by the city in order to provide services for the annexed area. *Id.* at 64. We also noted that the annexation would result in the plaintiff's property being surrounded by the city on three sides, creating the type of peninsula that the Southern District in *Martee* had found to be unreasonable. *Id.* at 65.

City asserts that this case is distinguishable on its facts from *Martee* and *Reed,* and alleges that, unlike the plaintiffs in those cases, Landowner has previously sought annexation by City, but City did not accept her conditions. City further argues that, unlike the plaintiff in *Reed,*

---

**3.** In *Reed,* the annexation at issue was sought pursuant to section 71.012. 913 S.W.2d 62, 64. In this case, City sought annexation of the Burkemper property pursuant to section 71.014. Section 71.012 contains a specific definition of "contiguous and compact," whereas section 71.014 does not specifically define its "contiguous and compact" requirement. Landowner argues that the definition from section 71.012 should be applied in construing whether City's section 71.014 annexation of the Burkemper property meets the contiguous and compact requirement. We limit ·our review in this appeal, however, to the issue of whether Landowner's petition was properly dismissed. We decline to rule on the merits of Landowner's contention that the definition from section 71.012 applies to 71.014.

Landowner cannot argue that she will be harmed by the use of her property for extending City services to the annexed area because she was compensated for the condemned strip of her property that is to be used for those services.

We find unpersuasive City's assertions that these cases are distinguishable based on their facts. The holdings in *Reed* and *Martee* regarding adjoining landowners having standing are instructive in determining whether Landowner has standing to challenge City's annexation of the Burkemper property.

■ To establish standing, Landowner's petition needed to demonstrate that she had a "legally cognizable interest" in the annexation and that she was "directly and substantially affected" by the annexation. *Martee*, 784 S.W.2d at 626. A legally protected interest necessary for standing to bring a declaratory judgment action means "'a pecuniary or personal interest directly in issue or jeopardy which is subject to some consequential relief, either immediate or prospective.'" *Gen. Motors Acceptance Corp. v. Windsor Group, Inc.*, 2 S.W.3d 836, 839 (Mo.App. 1999) (quoting *Am. Econ. Ins. Co. v. Ledbetter*, 903 S.W.2d 272, 274 (Mo.App.1995)).

Using these standards in reviewing Landowner's petition, we find that she sufficiently established that she had standing to challenge City's annexation of the Burkemper property. Her petition clearly establishes that: (1) she was the adjoining landowner whose property was situated between City's boundaries and the Burkemper property; and (2) a portion of her property had been condemned to effectuate the annexation, and that her appeal of the condemnation was pending. Her pleading established that she had a legally protected interest and that she had been directly and substantially affected by City's annexation of the Burkemper prop-

erty such that she had standing to challenge the annexation.

We next determine whether Landowner's petition warranted dismissal because it failed to state a claim upon which relief could be granted.

■ We test the sufficiency of Landowner's petition for declaratory judgment not by determining whether she is entitled to the relief prayed for, but by asking whether she is entitled to a declaration of rights or status on the facts she pleaded. *Cooper v. State*, 818 S.W.2d 653, 655 (Mo. App.1991). We review the allegations in her petition to determine whether she invoked principles of substantive law that, if proved, would entitle her to declaratory relief. *Schriro*, 39 S.W.3d at 855. If so, her petition is sufficient and dismissal for failure to state a claim was inappropriate. *Id.*

■ Her petition, however, must state facts, not mere conclusions, which support its allegations and demonstrate a justiciable controversy. *Id.* To maintain a declaratory judgment action, Landowner was required to satisfy four requirements: (1) she must demonstrate that a justiciable controversy exists that presents a real, substantial, and presently-existing controversy as to which specific relief is sought— in other words, she cannot seek a mere advisory decree; (2) she must demonstrate a legally protected interest consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief; (3) the questions in her petition must be ripe for judicial determination; and (4) she must also demonstrate that she does not have an adequate remedy at law. *Northgate Apts., L.P. v. City of N. Kansas City*, 45 S.W.3d 475, 479 (Mo.App.2001). Injury to the plaintiff, however, need not have occurred prior to the declaratory judgment action because one of the main goals of declarato-

ry relief is to resolve conflicts between parties' legal rights before injury occurs. *Id.* at 480.

■ City argues that Landowner failed to show she was entitled to declaratory relief because she did not have a legally protected interest in the property being annexed. It also argues that her claim was "beyond ripeness" because she had already exhausted her opportunities to litigate on the issues in her petition during the condemnation action.[4] We disagree with these assertions.

■ Whether a plaintiff has an interest susceptible of protection in a suit is a determination that applies to the analysis of whether her petition for declaratory relief demonstrated a justiciable controversy, and to whether she has an interest at issue that is subject to relief. *Id.* As we discussed in our determination that Landowner has standing, we find that she had a legally protected interest at issue in City's annexation of the Burkemper property. Her petition outlines that she owns the property adjoining the area of proposed annexation and alleges that her property was condemned to effectuate the annexation. In addition to these averments, her petition also informed the court that her challenge to City's condemnation of her property was currently on appeal to our court. In light of these assertions, Landowner's petition demonstrates a justiciable controversy and an interest susceptible to protection.

■ We next assess whether Landowner's claim was ripe for judicial determination. A ripe controversy is one with "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Mo. Health Care Ass'n v. Attorney Gen.,* 953 S.W.2d 617, 621 (Mo. banc 1997). A ripe controversy exists if the conflict is developed enough for the court to accurately determine the facts, resolve the conflict, and grant specific and conclusive relief. *Id.* Landowner's claim was ripe in that City had commenced annexation proceedings on the Burkemper property, and Landowner's petition sought a declaration of rights as to the propriety of City's annexation.

■ We finally must determine whether Landowner's claim for declaratory relief was proper in that she did not have an adequate remedy at law. City alleges that Landowner had an adequate remedy at law to raise the issues in her petition because they should have been raised during the condemnation action. City argues that Landowner voluntarily abandoned her remedy when she failed to properly contest the condemnation in *City of Wentzville v. Dodson,* ED82994, 2004 WL 898688, 133 S.W.3d 543 (Mo.App. April 27, 2004) [hereinafter *Dodson I*]. We disagree with City's assessment that Landowner abandoned her right to contest the condemnation, as we explained in *Dodson I,* wherein we found that Landowner did not improperly contest the condemnation. Additionally, Landowner could not have been required to challenge the annexation during the condemnation hearing because the annexation proceedings at issue were not commenced until after City obtained title to the parcel of Landowner's property by condemnation. The relief that Landowner sought in her petition, a determination of the validity of the annexation, was appropriate for a declaratory judgment action because declaratory judgment is suited to interpreting and declaring the validity of statutes and ordinances. *Home Builders Ass'n of Greater St. Louis, Inc. v. City of Wildwood,* 32 S.W.3d 612, 615 (Mo.App. 2000).

4. We address this argument below in our collateral estoppel analysis.

Landowner's petition presented all the requisite elements for stating a claim for declaratory relief, and should not have been dismissed for failure to state a claim.

 Additionally, Landowner's requests for injunctive relief in her petition should also not have been dismissed for failure to state a claim upon which relief could be granted. "One indispensable requirement for obtaining injunctive relief is the wrongful and injurious invasion of some legal right existing in the plaintiff." *Coursen v. City of Sarcoxie*, 124 S.W.3d 492, 499–500 (Mo.App. 2004) (citing *Moseley v. City of Mountain Grove*, 524 S.W.2d 444, 446 (Mo.App.1975)). An injunction is the appropriate remedy to preserve the status quo and prevent irreparable injury to the plaintiff pending the disposition of a case on its merits. *Walker v. Hanke*, 992 S.W.2d 925, 933 (Mo.App.1999). In order for Landowner to show entitlement to injunctive relief, her petition had to show on its face by the facts pleaded that: (1) she had no adequate and complete remedy at law; and (2) irreparable harm would be done to her if the status quo were not maintained. *Id.* Keeping in mind our standard of review stating that the averments in Landowner's petition should be liberally construed and that all reasonable and fair inferences should be drawn therefrom, we find that her petition sufficiently demonstrated a cause for injunctive relief. *See Sandy*, 39 S.W.3d at 855. Her petition outlined that City had obtained title to the condemned parcel of her property, and it stated that her appeal of the condemnation was pending. Her petition also alleged that City's annexation proceedings were improper because the condemnation was improper. Landowner's pleadings sufficiently averred that City's exercise of ownership over the condemned parcel, or efforts to further the annexation of the Burkemper tract, could cause her injury while the merits of her challenges to the condemnation and the annexation were proceeding. Landowner was entitled to be heard on her request for injunctive relief in these matters, and the injunctive count of her petition should not have been dismissed.

We next address City's contention that Landowner's petition for declaratory and injunctive relief should be dismissed because it was barred by the doctrines of res judicata and collateral estoppel.

In considering these doctrines, we first review Landowner's petition to determine what claims and issues are presented. Count I of her petition asserts that City's annexation of the Burkemper property was "illegal, invalid, and void" in that: (1) the Burkemper property was not contiguous and compact with City's existing limits; (2) the use of a strip of land less than one-quarter mile wide as a basis of establishing contiguity was prohibited by section 71.012; and (3) the use of City's condemnation power to obtain a strip of land used to establish contiguity to land City sought to annex was an improper use of the power of eminent domain. Her prayer for relief under Count I asks that the court enter a declaratory judgment finding that City's annexation was illegal, and requests that the court set aside the condemnation of her property and the annexation of the Burkemper tract. In Count II, she requests that City "be enjoined and prohibited from taking any action in furtherance of" the Burkemper annexation, and asserts that this should include City's being enjoined from exercising ownership and control over the portion of her property that was condemned and the Burkemper property.

City's motion to dismiss asserted that Landowner's suit should be barred under the doctrine of res judicata because the issues it raised were decided in City's condemnation action against Landowner. City's memorandum in support of its mo-

tion to dismiss more specifically argued that Landowner's petition should be dismissed under the doctrine of collateral estoppel. City asserts that in both the condemnation action and the instant case, Landowner sought to have the court invalidate City's condemnation of her property. Landowner argues that the doctrine of res judicata does not apply to her petition because there is no identity of issues between the condemnation action and this suit. She contends that during the condemnation action she defended against the condemnation by asserting that City had no authority to condemn her property, but in this action she is challenging City's annexation of the Burkemper property.

Under Missouri law, res judicata contemplates two separate and distinct doctrines: claim preclusion, known as res judicata, and issue preclusion, known as collateral estoppel. *Walker v. Walker*, 954 S.W.2d 425, 427 (Mo.App.1997). Res judicata, or claim preclusion, operates to bar the reassertion of a cause of action that has been previously adjudicated in a proceeding between the same parties or those in privity with them. *Lomax v. Sewell*, 50 S.W.3d 804, 809 (Mo.App.2001). Collateral estoppel, or issue preclusion, however, applies when a second suit is between the same parties, or those in privity with them, but the cause of action is different. *Aetna Cas. & Sur. Co. v. Hase*, 390 F.2d 151, 153 (8th Cir.1968). Collateral estoppel prevents parties, and those in privity with them, from relitigating issues that have been previously litigated. *State ex rel. M.A.F. by Bone v. Shelton*, 832 S.W.2d 4, 6 (Mo.App.1992). Both res judicata and collateral estoppel can be applied only if a final judgment on the merits has been rendered involving the same claim or issue sought to be precluded in the cause in question. *Robin Farms, Inc. v. Beeler*, 991 S.W.2d 182, 185 (Mo.App.1999).

We first note that the portions of Landowner's petition seeking declaratory relief related to City's annexation of the Burkemper property and injunctive relief regarding City's actions on the condemned property and the Burkemper property are not barred by the doctrines of res judicata and collateral estoppel. City's condemnation action against Landowner and the instant action have common parties and arise from some shared facts, but they are not identical causes of actions such that res judicata applies. Additionally, the doctrine of collateral estoppel does not apply to those portions of Landowner's petition that challenge the Burkemper annexation and request injunctive relief. There is no indication in the record that Landowner, or any party in privity with her, had previously litigated the annexation issues raised in these portions of the petition, and these claims should not have been dismissed under the doctrines of res judicata or collateral estoppel.

We next consider City's assertion that Landowner should be barred from challenging City's condemnation of her property in this case because this issue was previously litigated in City's condemnation action against Landowner. In light of our decision in *Dodson I*, wherein we reversed and remanded the trial court's judgment authorizing the condemnation of Landowner's property, we need not consider whether the elements of res judicata or collateral estoppel are satisfied in this case. Because our holding in *Dodson I* requires further action by the trial court, it renders the underlying judgment on which City asserts res judicata and collateral estoppel not a final judgment on the merits.

Our decision in *Dodson I* necessitates the reversal of the trial court's dismissal of the condemnation challenges in Landowner's petition because collateral estoppel and res judicata no longer apply. The holdings in the companion cases of *E.C.E.*

*Inc. v. Jeffrey,* 104 S.W.3d 420 (Mo.App. 2003) [hereinafter *Jeffrey I* ], and *Jeffrey v. Cathers,* 104 S.W.3d 424 (Mo.App.2003) [hereinafter *Jeffrey II* ], are instructive to our decision.

In *Jeffrey I,* we reversed a trial court's judgment granting summary judgment on res judicata grounds where the underlying case used to assert res judicata was reversed by our court. *See Jeffrey I,* 104 S.W.3d at 423–24 (finding that the reversal of *Jeffrey II* necessitated the reversal of *Jeffrey I* because res judicata could not apply). Similarly, the reversal of the condemnation judgment in *Dodson I* warrants the reversal of the dismissal of the condemnation challenges in the instant case in so far as they were dismissed on the basis of collateral estoppel or res judicata.[5]

■■■■■■ Lastly, we address City's contention that the motion court could properly dismiss Landowner's cause because Landowner "failed to file a proper claim for relief" in that she failed to comply with Rule 55.22 because her petition did not include any copy or recitation of the ordinances she was challenging.

Rule 55.22, which is derived from section 509.230, states that "[w]hen a claim . . . is founded upon a written instrument, the same may be pleaded according to legal effect, or may be recited at length in the pleading, or a copy may be attached to the pleading as an exhibit." Rule 55.22. Although a determination of the merits of Landowner's action would require an examination of the annexation ordinance relating to annexation of the Burkemper property, there are several reasons why Landowner's petition is not defeated be-

cause she did not plead the language of the ordinances or attach them. First, Rule 55.22 is inapplicable to Landowner's pleading. By definition, an "instrument" is "a written legal document that defines rights, duties, entitlements, or liabilities, such as a contract, will, promissory note, or share certificate." Black's Law Dictionary 801 (7th ed.). Additionally, even if Rule 55.22 were applicable, her petition was not required to plead the ordinances at issue at length, but was only required to aver ultimate facts, not mere conclusions, that, if found to be true, entitled her to relief. *See Riley v. White,* 231 S.W.2d 291, 295 (Mo.App.1950). As such, her petition sufficiently included the legal effect of the ordinance at issue.

In conclusion, we reverse the trial court's dismissal of those portions of Landowner's petition that challenged the condemnation of her property because we have reversed the underlying condemnation judgment in *Dodson I.* We further reverse the trial court's dismissal of those portions of Landowner's petition for declaratory and injunctive relief that challenged the annexation of the Burkemper property and sought injunctive relief. Landowner had standing to challenge the annexation and properly stated a claim for declaratory and injunctive relief. We remand Landowner's petition for a determination of the rights of the parties.[6]

GARY M. GAERTNER, SR., P.J., and ROBERT G. DOWD, JR., J., concur.

---

5. *See* Rule 74.06(b) which states in relevant part:

[U]pon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order [because] . . . the judgment has been satisfied, released, or discharged, or a prior judg-

ment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

6. We note, however, that the determination of the rights of the parties in this case should

await the trial court's judgment on remand in