**Dorothy REED, Plaintiff/Respondent,**

v.

**CITY OF UNION, MISSOURI, Defendant/Appellant.**

No. 67246.

Missouri Court of Appeals, Eastern District. Division Three.

Dec. 12, 1995.

---

W. Patrick Cronan, Cronan & Robinson, Columbia, for appellant.

Prudence Johnson, Union, for respondent.

SMITH, Presiding Judge.

The City of Union appeals from the trial court judgment holding the city's voluntary annexation of the land of Harlen and Lucille Meyer into the city to be null and void. We affirm.

The Meyers own a tract of land in unincorporated Franklin County comprised of fifteen parcels. In November 1992 they requested the tract be annexed into the City of Union pursuant to § 71.012 RSMo1986. The perimeter of the Meyer tract is approximately 8400 feet with 6.14 feet abutting the city limits of Union. Plaintiff, Dorothy Reed, owns two parcels of real estate in the vicinity. The smaller parcel is located in the City of Union at the corner where the Meyer tract and the Union city limits touch. That parcel is unimproved. The larger parcel is occupied by Ms. Reed as her home. It is bounded on the north and west by the Meyer tract and on the south by the Union city limits. To the east it is bounded by unincorporated land. Direct access to the Meyer tract from the city is along a 6.14 foot wide strip of land lying between the two Reed properties. That strip of land and portions of both Reed properties contain a road easement to allow

access to the highway. The unincorporated Reed residential property forms a rectangular peninsula located between the northern portion of the annexed property and the city limit of Union.

After a public hearing the Board of Aldermen of Union, on March 8, 1993, passed an ordinance annexing the Meyer property. Six months later plaintiff filed her petition to set aside the annexation. After trial the court entered findings of fact and conclusions of law determining that plaintiff had standing to challenge the ordinance, that she had timely filed her lawsuit, that the Meyers were not necessary parties, and that the annexation was unreasonable and therefore invalid because the Meyer tract was "not compact and is barely contiguous".

■ The city first claims that Ms. Reed lacks standing to challenge the city's annexation because she neither owns land in the annexed area nor is she a resident of the city. To establish standing a party must generally demonstrate that she has a specific and legally cognizable interest in the subject matter of the action and that she has been directly and substantially affected thereby. *Martee v. City of Kennett,* 784 S.W.2d 621 (Mo.App. 1990) [2]. Further, to enjoy status to sue on a cause of action implied by the policy of a statute, she must be a member of the class for whose special benefit the statute was enacted. *Id.*

In *Martee,* the court was dealing with a situation very nearly identical to that before us. There also the non-consenting landowner's property was an unincorporated peninsula surrounded by the city on three sides. The court reviewed in scholarly fashion the statutory history of the voluntary annexation statute and its requirement that the land annexed be "contiguous and compact to the existing corporate limits of the city ...". The compactness requirement was added in 1986 and, as the court noted, must be treated as significant. *Id.* at [2]. The court concluded that even though the objecting landowner's property was not annexed, he had an interest in the action of the city in enveloping his property within its corporate limits. Doing so alters the status of his property in respect to a possible future annexation. The

policy of the statute is to permit voluntary annexation only upon consent of all fee owners in a contiguous and compact area. "The statute was adopted for the benefit of the property owners in a *contiguous and compact unincorporated area." Id.* at [3]. (Emphasis in original).

■ Plaintiff here has a similar interest in the city's action. In addition to the alteration of the status of her property in respect to a possible future annexation, this annexation impacts upon her property because the city does not have sufficient access between the city and the annexed area to provide services without utilizing plaintiff's property. The trial court found that the common 6.14 foot boundary is not wide enough to meet the city and county requirements for water, sewers and roads. The plaintiff had standing to challenge the ordinance.

■ The city also contends that the Meyers were necessary parties who were not joined. The challenge brought by plaintiff was to the validity of the City of Union ordinance, not to the request by the Meyers for annexation. We know of no requirement that all persons who may be affected by the invalidation of a statute or an ordinance must be joined as necessary parties. Such a requirement would be unworkable and has not been imposed. *See Martee, supra; Reynolds v. City of Independence,* 693 S.W.2d 129 (Mo. App.1985).

■ City also contends that the court erred in finding the annexation unreasonable because the parcel was not contiguous and compact to the city. It is to be noted that the statutory language used is "contiguous and compact *to* the city". That requirement is not met simply because the area sought to be annexed is compact within itself, it must be compact to the city. "Compact" was defined in *Martee* as "having parts or units closely packed or joined." *Websters New Collegiate Dictionary* 228 (1977). This annexation does not meet that test. The land is barely connected to the city and as we have previously discussed would be difficult to directly provide services to. The annexation does not make the city's boundaries more regular nor would the city and the

annexed area be one compact solid tract of land. *See Martee, supra.* The annexation would result in plaintiff's property being surrounded by the city on three sides, creating a peninsula of plaintiff's land and creating the type of "enclave" or "archipelagic monstrosity" referred to in Martee as unreasonable. *Martee, supra,* citing *City of Kingsport v. State, Etc.,* 562 S.W.2d 808 (Tenn.1978).

■ Finally, city contends that the plaintiff's suit was untimely because not filed within thirty days of the enactment of the ordinance. This contention is premised upon the theory that the enactment of the ordinance was an administrative matter and a contest of that enactment must be made within the thirty day requirement of § 536.110.1 RSMo1994. In enacting an ordinance annexing land, the Board acts in a legislative capacity not an administrative one. The thirty day limitation does not apply to legislative determinations. *Reynolds v. City of Independence, supra* at [3–6].

The judgment is affirmed.

GARY M. GAERTNER and RHODES RUSSELL, JJ., concur.