## MISSOURI RURAL ELECTRIC COOPERATIVE, Appellant,

### v.

## CITY OF HANNIBAL and The Attorney General for the State of Missouri, Respondents.

### No. 79031.

Supreme Court of Missouri, En Banc.

Feb. 25, 1997.

Patrick Baumhoer, J.W. Trimmer, Jefferson City, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Karen King Mitchell, Asst. Atty. Gen., Jefferson City, Randall P. Baker, Louis J. Leonatti, Mexico, Peter Danielson, Hannibal, for Respondents.

WHITE, Judge.

 Missouri Rural Electric Cooperative (MREC) challenged Hannibal's attempted annexation of land that does not border on that city. The trial court entered judgment declaring the annexation to be valid. MREC argues the annexation is not authorized, since the parcel in question is not contiguous

with the city limits.[1] MREC also argues that the statute relied upon by the city to accomplish the annexation is unconstitutional because it contains multiple subjects or departs from its original purpose. We do not decide the constitutionality of the statute because we find that the statutory language does not authorize annexation of land that is not contiguous to the annexing authority.

■ Section 71.012.1, RSMo, provides that "any city ... may annex unincorporated areas which are contiguous and compact to the existing corporate limits of the city...." In 1993 the following language was added:

The term "contiguous and compact" does not include a situation whereby the unincorporated area proposed to be annexed is contiguous to the annexing city ... only by a railroad line, trail, pipeline or other strip of real property less than one-quarter mile in width within the city ... so that the boundaries of the city ... after annexation would leave unincorporated areas between the annexed area and the prior boundaries of the city ... connected only by such railroad line, trail, pipeline or other such strip of real property. Notwithstanding the provisions of this section, the governing body of any city ... may annex areas along a road or highway up to two miles from existing boundaries of the city.... [2]

Pursuant to section 71.012, Hannibal attempted to annex a tract of land that, at the time of annexation, did not touch the borders of the city. The land did lie upon a road connected to the city and, apparently, was less than two miles from the city limits.[3] The dispute in this case centers on the reading of the last sentence of the statute.

The city asserts that the last sentence of the statute imposes three requirements: 1) that the annexing authority be a city, 2) that the property lie a long a road or highway, and 3) that it be less than two miles from city boundaries. Since the annexation at issue here meets all three requirements, the city argues that it is proper under the plain language of the statute and that none of the rest of the statute needs to be examined. Although it suggests that the last sentence is an "alternative definition" of compact and contiguous, what the city is really arguing is that the statute creates an exception to the section's general requirement that annexed property be compact and contiguous to existing city limits.

MREC, in contrast, urges the Court to read the sentence as an exception to the general rule set up by the section that land connected to a city only by a strip of real property less than a quarter mile wide is not contiguous and compact to the city and may, therefore, not be annexed by it. Under this reading, the final sentence merely allows land connected to the city limits only by a road within the city to be considered compact and contiguous to the city as long as the connection is not more than two miles long.

1. Although not raised by the parties, we consider plaintiff's standing to challenge the annexation. *Missouri Outdoor Adv. Assoc. v. State Hwys. & Transp. Comm'n*, 826 S.W.2d 342, 344 (Mo.banc 1992). A plaintiff has standing to seek declaratory relief if it has a legally protectable interest in the outcome of the litigation. *Battlefield Fire Protection Dist. v. City of Springfield*, No. 79263, slip op. at 2, —— S.W.2d ——, —— (Mo. banc February 25, 1997). In an annexation challenge, such an interest exists only if conferred by statute or if plaintiff demonstrates that the annexation causes it a direct, adverse impact. *Id.* at 3, at ——. MREC provides electric service to the property in question here. If Hannibal's annexation is legal, it can replace MREC as the electric service provider for the property, but if the annexation is invalid, then Hannibal is statutorily prohibited from providing the property with electricity. Section 386.800, RSMo, 1994. The statute is specifically designed to protect existing electricity providers from encroachment by municipally-owned power companies. Thus, the statute gives MREC a legally protectable interest in the propriety of this annexation and, therefore, standing to challenge it.

2. Laws of Mo.1993, p. 395. The final sentence was repealed in 1995, Laws of Mo.1995, p. 434, and was reenacted in 1996, but applies only to municipalities "in any county of the third classification which borders a county of the fourth classification, a county of the second classification and the Mississippi River...." H.B. 1237, 1996. This description appears to apply only to Perry County.

3. No evidence was presented at trial as to the distance from the tract in question to the border of the city, and the trial court did not make such a factual finding. But MREC does not claim that the tract was not, in fact, within two miles of Hannibal.

Read in isolation, the final sentence is susceptible of the interpretation the city suggests. But we do not read statutes that way. The Court reads the entire statute and interprets it according to the legislative intent revealed by that reading.[4] Here, the intent of the section is to limit the definition of "contiguous and compact." The statute lists several narrow strips of land (trail, pipeline, railroad tracks) that will not, by themselves, make a tract contiguous and compact to the limits of a city. The language notably does not include a more common narrow strip of land, a road. Given the clear relationship between the two sentences of the section, we decline to sever them and treat the second sentence as if it were totally independent of the first. Rather, it is an exception to the first sentence, providing that tracts of land touching the city only by a strip of property within the city which is less than a quarter mile wide are not removed from the definition of compact and contiguous if that strip is a road.

Since this tract was not compact and contiguous to Hannibal, within the meaning of section 71.012.1, the purported annexation was invalid. The judgment is reversed.

All concur.

4. *See Sullivan v. Carlisle*, 851 S.W.2d 510, 512 (Mo. banc 1993) ("Well-settled principles of statutory interpretation require us to ascertain the legislative intent from the language of the act.... If the statute is ambiguous, we attempt to con-

strue it in a manner consistent with the legislative intent, giving meaning to the words used within the broad context of the legislature's purpose in enacting the law.")