**Shirley DODSON, Appellant,**

v.

**CITY OF WENTZVILLE, Respondent.**

**No. ED 87249.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 6, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 15, 2007.

Steve W. Koslovsky, St. Louis, MO, for appellant.

Robert M. Wohler, O'Fallon, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

Shirley May Dodson appeals from the circuit court's declaratory judgment upholding the voluntary annexation of two parcels of land by the City of Wentzville. However, because this flag annexation fails to satisfy the statutory requirement of compactness, we reverse the circuit court's judgment and remand the cause for proceedings consistent with this opinion.

*Factual and Procedural Background*

Shirley May Dodson is the owner of a tract of undeveloped land located in unincorporated St. Charles County.[1] The Dodson property abuts the boundaries of the City of Wentzville, Missouri, and is also adjacent to a tract referred to as the Burkemper property. The Dodson property consists of approximately 189 acres,[2] and lies between the Burkemper property and the City. In September of 2002, the owner of the Burkemper property petitioned the City to voluntarily annex the Burkemper property, pursuant to Section 71.014 RSMo, and to thereafter rezone the property from agricultural to single-family residential use.

The City could not accomplish this voluntary annexation of the Burkemper prop-

---

1. For further detailed background, we direct the reader to the prior decisions of this Court, *Dodson v. City of Wentzville*, 133 S.W.3d 528 (Mo.App. E.D.2004), and *City of Wentzville v. Dodson*, 133 S.W.3d 543 (Mo.App. E.D.2004). We borrow from the factual and procedural background set out in these two opinions without further citation.

2. At the time of this appeal, the Dodson property consisted of approximately 189 acres. At the instigation of this matter in 2002, before condemnation and annexation, the Dodson property consisted of approximately 191 acres.

erty under Section 71.014 unless the property was "contiguous and compact" to the City's existing boundaries. The City sought to condemn a strip of the Dodson land, 40 feet wide by 2,038 feet long. This strip of land ran across the southern edge of the Dodson property, from the City to the Burkemper property. According to the City, the condemnation of this strip of land was to connect the Burkemper property with the city limits and to allow for the extension of a sanitary sewer line to serve the Burkemper property. In November of 2002, the Board of Alderman for the City enacted an ordinance, authorizing the condemnation of the Dodson strip of land. The City then filed a condemnation action against Mrs. Dodson in the St. Charles County Circuit Court. In January of 2003, the court entered its order declaring the strip of land condemned. Following the circuit court's order of condemnation, a panel of commissioners assessed Mrs. Dodson's damages from the condemnation to be $50,000. After the City paid the commissioner's award into the court's registry, it obtained title to the condemned portion of the Dodson property. The City then filed a petition for voluntary annexation of this strip of land, pursuant to Section 71.014. In February of 2003, the City's Board of Alderman enacted two ordinances, annexing the Dodson strip of land and the Burkemper property.

Mrs. Dodson appealed the circuit court's order of condemnation to this Court. In April of 2003, she also filed a petition for declaratory judgment and injunctive relief in the circuit court, challenging the validity of the City's annexation. The present appeal stems from this declaratory judgment action. In her petition, Mrs. Dodson alleged that the City's annexation was illegal, invalid, and void, in part because the annexation was not "contiguous and compact" to the existing city limits and because the use of the power of eminent domain to condemn a strip of land 40 feet wide for purposes of establishing contiguity of land for purposes of annexation was an illegal, invalid and void exercise of that power. She asked the circuit court to set aside both the condemnation of the strip and the annexation. She further requested that the circuit court enjoin the City from proceeding with any action in furtherance of the annexation, including exercising ownership and control over the strip or exercising jurisdiction over the strip and the Burkemper property.

The City moved to dismiss Mrs. Dodson's declaratory judgment action. The City asserted that Mrs. Dodson had failed to state a cause of action for declaratory or injunctive relief, and that her action was barred because she had already challenged the validity of the condemnation in a separate action. The City also contended that Mrs. Dodson did not have standing to challenge the annexation of the Burkemper property. The circuit court granted the City's motion to dismiss, and Mrs. Dodson appealed to this Court.

This Court, in April of 2004, issued two decisions regarding Mrs. Dodson's appeals. As to Mrs. Dodson's appeal of the circuit court's condemnataion order, this Court reversed the circuit court's order and remanded the cause for retrial of the City's petition following a reasonable period of time for Mrs. Dodson to conduct limited discovery on the issues of the purpose and necessity of the City's condemnation of her property. *City of Wentzville v. Dodson*, 133 S.W.3d 543 (Mo.App. E.D.2004). Following this period of discovery, the condemnation case was retried in September of 2004, and the circuit court again entered its order, in May of 2005, authorizing the City to condemn the strip of land. Mrs. Dodson again appealed to this Court. On appeal, she contended that the circuit court erred in entering the order con-

demning the strip of land because the City's primary purpose for condemning the strip was not to install a sewer line, but rather to establish a minimal contiguity between the City and the Burkemper property in order to voluntarily annex the Burkemper property. Mrs. Dodson argued that this primary purpose exceeded the statutorily authorized use of the power of eminent domain under section 79.380. This Court affirmed. *City of Wentzville v. Dodson*, 186 S.W.3d 394 (Mo.App. E.D. 2005).

As to Mrs. Dodson's appeal of the circuit court's dismissal of her declaratory judgment action challenging the validity of the City's annexation, in our second decision issued in April of 2004, this Court reversed the circuit court's dismissal and remanded the cause to the circuit court for a determination of the parties' respective rights. *Dodson v. City of Wentzville*, 133 S.W.3d 528 (Mo.App. E.D.2004).

A hearing was held in September of 2005, and in October of 2005, the circuit court entered judgment finding that the City's annexation of the strip and the Burkemper property was valid, legal, and within the jurisdiction of the City. It is from this judgment that Mrs. Dodson now appeals. She alleges that the circuit court erred in upholding the validity of the voluntary annexation of the strip and Burkemper property because the annexation failed to satisfy the statutory requirement of compactness under Section 71.104. The circuit court concluded that compactness required by Section 71.014 was established by the City, as demonstrated by the City's 1999 Comprehensive Plan and its city map. The circuit court, in finding that the requisite compactness had been established, also concluded that the custom and practice of roadway or strip annexations, which the City had pursued within its growth area and by its extension and upsizing of

utilities, was appropriate and was consistent with the custom and practice of other cities in St. Charles County.

## Discussion

■ The standard by which this Court reviews a declaratory judgment action is the same as in any other court-tried case. *R.W. v. Sanders*, 168 S.W.3d 65, 68 (Mo. banc 2005). This Court will affirm the judgment of the trial court unless there is no substantial evidence to support the judgment, unless the judgment is against the weight of the evidence, unless the judgment erroneously declares the law or unless the judgment erroneously applies the law. *Id.; Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The sole issue raised in this appeal involves the interpretation of a statute and its application to the particular facts of this case. Interpretation of a statute and its application are questions of law, which we review *de novo*. *Boggs ex rel. Boggs v. Lay*, 164 S.W.3d 4, 23 (Mo.App. E.D.2005).

■ The City sought to annex the strip and the Burkemper property pursuant to Section 71.014. That section provides as follows:

Notwithstanding the provisions of section 71.015, the governing body of any city, town, or village which is located within a county which borders a county of the first classification with a charter form of government with a population in excess of six hundred fifty thousand, proceeding as otherwise authorized by law or charter, may annex unincorporated areas which are contiguous and compact to the existing corporate limits upon verified petition requesting such annexation signed by the owners of all fee interests of record in all tracts located within the area to be annexed.

The terms "contiguous" and "compact," as used in Section 71.014, are not defined by

statute. Nor does it appear that there is any prior decision from the courts of this State that has interpreted this particular statutory language of Section 71.014. In interpreting a statute, the primary responsibility of this Court is to ascertain the intent of the legislature from the language used in the statute, and to give effect to that intent if possible. *Cook Tractor Co. Inc. v. Director of Revenue*, 187 S.W.3d 870, 873 (Mo. banc 2006). In order to ascertain the intent of lawmakers, undefined words are given their plain and ordinary meaning as found in the dictionary. *Cook Tractor*, 187 S.W.3d at 873. Further, "[i]n determining legislative intent, the statute is read as a whole and *in pari materia* with related sections." *Lane v. Lensmeyer*, 158 S.W.3d 218, 226 (Mo. banc 2005). "In determining legislative intent, it is appropriate to take into consideration statutes involving similar or related subject matter when such statutes shed light upon the meaning of the statute being construed, even though the statutes are found in different chapters and were enacted at different times." *Lane*, 158 S.W.3d at 226 *quoting Buck v. Leggett*, 813 S.W.2d 872, 874–75 (Mo. banc 1991).

"Compact" is defined in the dictionary as "firmly put together, joined, or integrated ... marked by an arrangement of parts or units closely pressed, packed, grouped, or knit together with very slight intervals or intervening space ... marked by concentration in a limited area." Webster's Third New International Dictionary 1966 p. 461. "Compact" is defined in Black's Law Dictionary as "closely or firmly united or packed, as the particles of solid bodies; ... also, lying in a narrow compass or arranged so as to economize space; having a small surface or border in proportion to contents or bulk...." Black's Law Dictionary Fifth Edition 1979 p. 255.

Section 71.012 also sheds light on the meaning of the terms "contiguous" and "compact." Section 71.012, which provides for voluntary annexations in other jurisdictions across the state, contains an express limitation on the phrase "contiguous and compact," as follows:

> The term "contiguous and compact" does not include a situation whereby the unincorporated area proposed to be annexed is contiguous to the annexing city, town or village only by a railroad line, trail, pipeline or other strip of real property less than one-quarter mile in width within the city, town or village so that the boundaries of the city, town or village after annexation would leave unincorporated areas between the annexed area and the prior boundaries of the city, town or village connected only by such railroad line, trail, pipeline or other such strip of real property.

This Court has previously addressed the issue and meaning of compactness, as used in section 71.012, in our decision *Reed v. City of Union*, 913 S.W.2d 62 (Mo.App. E.D.1995). In that case, the City of Union attempted to voluntarily annex a parcel of land, which was connected to the city by a strip of land 6.14 feet in width. Of the parcel's 8,400 foot perimeter, only 6.14 feet abutted the city limits of Union. This Court concluded that the annexation did not meet the test of compactness. In so holding, this Court discussed the requirement of compactness, stating as follows:

> It is to be noted that the statutory language is "contiguous and compact *to* the city." That requirement is not met simply because the area sought to be annexed is compact within itself, it must be compact to the city. "Compact" was defined in *Martee* as "having parts or units closely packed or joined." Webster's New Collegiate Dictionary 228 (1977). This annexation does not meet

this test. The land is barely connected to the city and as we have previously discussed would be difficult to directly provide services to. The annexation does not make the city's boundaries more regular nor would the city and the annexed area be one compact solid tract of land.

*Reed,* 913 S.W.2d at 64 *citing* to *Martee v. City of Kennett,* 784 S.W.2d 621 (Mo.App. S.D.1990).

As in *Reed,* we conclude here that the attempted annexation does not meet the test of compactness. In this case the City attempted what is commonly referred to as a "flag annexation," whereby a long, narrow strip of land is utilized to connect the boundaries of the annexing municipality with the larger tract it seeks to annex. It is called a flag annexation because the tracts to be annexed, if viewed from an aerial perspective, resemble a flag, with the long narrow strip of land being the flagpole, and the larger parcel, the flag. In this case, the flagpole is the strip of land across the Dodson property and the coveted flag is the larger Burkemper tract.

The City argued that compactness required by Section 71.014 was established by its comprehensive plan and its city map. The City further argued that such flag annexations have been the custom and practice of both the City and other cities in the St. Charles County area. The circuit court, in concluding that compactness required by Section 71.014 had been established, adopted the City's arguments. This Court does not. The Missouri legislature had decreed that annexations such as this, which occur without a vote of the electorate, are limited to those parcels that are contiguous and compact to a city's existing boundaries. If we were to allow a city's comprehensive plan and its own custom and practices to determine whether the requirement of compactness had been met, each city might become final arbiter of whether a tract was contiguous and compact by altering its comprehensive plan and modifying its custom and practices. Likewise, the argument that flag annexations have been the custom and practice of other cities in the county is unavailing. We must determine whether, as a matter of law, the legislature's requirement of compactness has been met in this annexation case. *See Reed,* 913 S.W.2d at 64. In making this judgment, our polestar is the legislature's intent, not the custom and practice of various cities that find their powers of annexation restricted by the legislature's limitations.

As with the Section 71.012 annexation in *Reed,* the legislature has required that annexed land under Section 71.014 be both contiguous *and* compact to the annexing municipality. In applying the law to the facts in this case, we hold that the attempted annexation of the strip and the Burkemper tract does not meet the statutory requirement of compactness because of the shape of the tracts. The annexation does not make the City's boundaries more regular, nor would the City and the annexed area be one closely-grouped, solid tract of land. Nor would the resulting annexation have a small border in proportion to the contents or bulk of the City and its newly acquired annexed land. Because the annexation in this case failed to satisfy the statutory requirement of compactness, we reverse the judgment of the circuit court and remand the cause for proceedings consistent with this opinion.

GLENN A. NORTON, P.J., and KENNETH M. ROMINES, J., concur.