Darryl & Donna CURTIS,
et al., Respondents,

v.

**CITY OF HILLSBORO, Appellant.**

No. ED 90538.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 25, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 13, 2009.

Application for Transfer Denied
March 31, 2009.

Jack C. Stewart, Hillsboro, MO, for Appellant.

Steven W. Koslovsky, Maryland Heights, MO, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge.

The City of Hillsboro ("the City") appeals from the trial court's grant of summary judgment in favor of Darryl and Donna Curtis, Stephen and Janie Jehle, and Beck Family, LLC (collectively referred to as "Respondents") on Respondents' petition for declaratory judgment and an injunction from the enforcement of ordinances annexing certain property into the City. The City contends the trial court erred in granting summary judgment in favor of Respondents because the trial court misapplied the law regarding "compactness." The City further argues the trial court's application of the term "compact" is an unconstitutional impairment of the right to contract and the trial court's interpretation of "contiguous and compact" is an unconstitutional impairment on the City's and property owners' right to peaceably assemble. Because the annexations did not meet the compactness requirement of the statute and there are no constitutional violations, we affirm the trial court's grant of summary judgment.

The uncontested facts show Respondents are residents of Jefferson County, Missouri and are owners of real property located along Pioneer Road near the City. In November of 2006, the City passed Ordinances No. 45–2006, No. 46–2006, and No. 47–2006. The ordinances purported to annex into the City the right of way of Pioneer Road from the existing city limits for a length of about 1,700 feet, together with two tracts of land located on the opposite sides of the Pioneer Road stretch, known as the Blackwell tract and the Brigadoon tract in accordance with petitions for voluntary annexation filed by the property owners.

Respondents filed a petition for declaratory judgment and injunction against the City.[1] Respondents sought a declaration

---

1. Respondents also filed their petition against the mayor of the City and the individual members of the Board of Alderpersons for the City.

that the ordinances were illegal, invalid, and void and to enjoin the City and the Board from taking any action in furtherance of the ordinances.

Respondents subsequently filed a motion for summary judgment. In their motion for summary judgment, Respondents alleged neither the Pioneer Road stretch, the Blackwell tract, nor the Brigadoon tract were "compact" to the pre-annexation boundaries of the City as required by Section 71.014, RSMo 2000.[2] The trial court granted Respondents' motion for summary judgment. The City now appeals.

■ In its first point, the City contends the trial court erred in granting summary judgment in favor of Respondents because the trial court misapplied the law. The City argues a roadway is not an automatic exclusion from the "compact" requirement of Section 71.014 and material issues of fact as to the reasonableness of the annexations remain. We disagree.

Appellate review of a trial court's grant of summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We will review the record in the light most favorable to the party against whom judgment was entered. *Id.* We accord the non-movant the benefit of all reasonable inferences from the record. *Id.* The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* The propriety of summary judgment is purely an issue of law. *Id.*

The City sought to annex the properties pursuant to Section 71.014. Section 71.014 provides as follows:

> Notwithstanding the provisions of section 71.015, the governing body of any city, town, or village which is located within a county which borders a county of the first classification with a charter form of government with a population in excess of six hundred fifty thousand, proceeding as otherwise authorized by law or charter, may annex unincorporated areas which are contiguous and compact to the existing corporate limits upon verified petition requesting such annexation signed by the owners of all fee interests of record in all tracts located within the area to be annexed.

The terms "contiguous" and "compact," as used in Section 71.014, are not defined by statute. However, in the recent case of *Dodson v. City of Wentzville*, 216 S.W.3d 173 (Mo.App. E.D.2007), the court addressed the meaning of "compact" in Section 71.014.

The court noted:

> "Compact" is defined in the dictionary as "firmly put together, joined, or integrated ... marked by an arrangement of parts or units closely pressed, packed, grouped, or knit together with very slight intervals or intervening space ... marked by concentration in a limited area." Webster's Third New International Dictionary 1966 p. 461. "Compact" is defined in Black's Law Dictionary as "closely or firmly united or packed, as the particles of solid bodies; ... also, lying in a narrow compass or arranged so as to economize space; having a small surface or border in proportion to contents or bulk...." Black's

---

These individuals were later dismissed as defendants.

2. All further statutory references are to RSMo 2000 unless otherwise indicated.

Law Dictionary Fifth Edition 1979 p. 255.

*Id.* at 177.

The *Dodson* court also noted that Section 71.012 sheds light on the meaning of the terms "contiguous" and "compact." *Dodson*, 216 S.W.3d at 177. Section 71.012, which provides for voluntary annexations in other jurisdictions across the state, contains an express limitation on the phrase "contiguous and compact." Section 71.012.1 provides, in pertinent part:

The term "contiguous and compact" does not include a situation whereby the unincorporated area proposed to be annexed is contiguous to the annexing city, town or village only by a railroad line, trail, pipeline or other strip of real property less than one-quarter mile in width within the city, town or village so that the boundaries of the city, town or village after annexation would leave unincorporated areas between the annexed area and the prior boundaries of the city, town or village connected only by such railroad line, trail, pipeline or other such strip of real property.

The *Dodson* court also noted that the issue of the meaning of compactness, as used in Section 71.012, was previously addressed in *Reed v. City of Union*, 913 S.W.2d 62, 64 (Mo.App. E.D.1995), and that court stated the area sought to be annexed must be compact to the city. *Dodson*, 216 S.W.3d at 177.

In *Reed*, the City of Union attempted to voluntarily annex a parcel of land, which was connected to the city by a strip of land 6.14 feet in width. *Reed*, 913 S.W.2d at 63. Of the parcel's 8,400 foot perimeter, only 6.14 feet abutted the city limits. *Id.* The *Reed* court concluded that the annexation did not meet the test of compactness stating as follows:

It is to be noted that the statutory language used is "contiguous and compact

to the city". That requirement is not met simply because the area sought to be annexed is compact within itself, it must be compact to the city. "Compact" was defined in *Martee* as "having parts or units closely packed or joined." Websters New Collegiate Dictionary 228 (1977). This annexation does not meet that test. The land is barely connected to the city and as we have previously discussed would be difficult to directly provide services to. The annexation does not make the city's boundaries more regular nor would the city and the annexed area be one compact solid tract of land.

*Id.* at 64 *citing to Martee v. City of Kennett*, 784 S.W.2d 621 (Mo.App. S.D.1990).

In *Dodson*, a landowner sought to voluntarily annex a parcel of property pursuant to Section 71.014 into the City of Wentzville. *Dodson*, 216 S.W.3d at 174. The city then sought to condemn a 40 foot by 2038 foot portion of land to connect the city to the parcel of property and to allow for the extension of sewer lines. *Id.* Thereafter, the city voluntarily annexed the strip of land and the parcel by ordinances. *Id.* The annexation was challenged on the grounds that it did not meet the compactness requirement in Section 71.014. *Id.* at 176.

The *Dodson* court, after determining the meaning of compactness and relying on *Reed*, held that the attempted "flag annexation" did not meet the test of compactness. *Id.* at 178. In applying the law to the facts of the case, the court held that the attempted annexation of the strip and the parcel did not meet the statutory requirement of compactness because of the shape of the tracts. *Id.* The court stated that the annexation did not make the city's boundaries more regular, nor would the

city and the annexed area be one closely-grouped, solid tract of land. *Id.*

Here, following *Reed* and *Dodson,* we conclude the attempted annexation does not meet the test of compactness. The annexation does not make the City's boundaries more regular, nor would the City and the annexed area be one closely-grouped, solid tract of land.

The City asserts the use of the road as the "flagpole" of the flagpole annexation is authorized by a portion of Section 71.012 and *Missouri Rural Elec. Co-op. v. City of Hannibal,* 938 S.W.2d 903 (Mo. banc 1997). The portion of Section 71.012 relied on by the City provides:

Notwithstanding the provisions of this section, the governing body of any city, town or village in any county of the third classification which borders a county of the fourth classification, a county of the second classification and Mississippi River may annex areas along a road or highway up to two miles from existing boundaries of the city, town or village.

Section 71.012.1.

In *Missouri Rural Elec. Co-op,* the court interpreted a previous version of Section 71.012.1, RSMo 1994, which was repealed in 1995, and contained the sentence "[n]othwithstanding the provisions of the section, the governing body of *any city* ... may annex areas along a road or highway up to two miles from existing boundaries of the city." *Missouri Rural Elec. Co-op.,* 938 S.W.2d at 904 (Emphasis added). The court looked at the statutory list of narrow strips of land, including railroad line, trail, pipeline, that automatically will not make a tract contiguous and compact to the limits of a city and noted that the language did not include a more common

narrow strip of land, a road. *Id.* at 905. The court determined the sentence created an exception, "providing that tracts of land touching the city only by a strip of property within the city which is less than a quarter mile wide are not removed from the definition of compact and contiguous if that strip is a road." *Id.* The court further noted that under the current version of the statute the ability to annex areas along a road or highway appears only to apply to Perry County. *Id.* at 905 n. 2.

The City's reliance on that portion of Section 71.012 and *Missouri Rural Elec. Co-op.* is misplaced. Under the current version of Section 71.012, the exception for annexing areas along a road or highway up to two miles from the existing boundary of a city only applies to a third class city, town, or village that borders a fourth class county, a second class county, and the Mississippi River. The City here, located in Jefferson County, does not meet those requirements. If the legislature intended for any city to be able to annex along a road up to two miles, it could have expanded the exceptions, but it did not.

■ The City asserts that because a road is not specifically listed in Section 71.012 as an automatic exclusion from the definition of contiguous and compact, the annexation along the road and the width of the road should be considered in determining the reasonableness of the annexation. First, we note the term reasonableness does not appear in Section 71.014. Furthermore, a determination of the reasonableness of an annexation that is objected to is only considered when the annexation meets the statutory requirements. *See* Section 71.015 [3]; *City of Centralia v. Norden,* 879 S.W.2d 724, 726–27 (Mo.App.

---

3. Section 71.015 provides procedures for objections to involuntary annexations and states in pertinent part:

Before the governing body of any city, town, or village has adopted a resolution to annex any unincorporated area of land, such city, town, or village shall first as a

W.D.1994)(where the proposed annexation pursuant to Section 71.015 met the condition precedent that the subject land was contiguous and adjacent to the corporate limits of the city before the court considered the reasonableness factors).

Here, the prerequisite of compactness required by Section 71.104, the statute by which the City attempted to annex the tracts of land, was not met. The trial court did not err in entering summary judgment in favor of Respondents because there are no genuine issues of fact and the Respondents were entitled to judgment as a matter of law. Point one is denied.

■ In its second point, the City maintains the trial court erred in granting summary judgment in favor of Respondents because the trial court's application of compact is an unconstitutional impairment of the right to contract and violated due process. The City claims it would be able to provide services to the annexed property along the roadway which is a purpose of the "compact" requirement, and the property owners were not made parties to the case prior to the abolition of their contractual rights. We disagree.

In making its argument, the City relies on Article I, Section 10 of the United States Constitution, which provides that "no state shall ... pass ... any law impairing the obligation of contract." The City further relies on Article I, Section 13 of the Missouri Constitution, which states "that no ... law impairing the obligation of contracts ... can be enacted." The City maintains it contracted separately with the owners of the Pioneer Road, the Blackwell tract, and the Brigadoon tract for the properties to become part of the City. The City asserts that the petition for annexation was the offer and the ordinance annexing the property was the acceptance of the contract by the City. The City maintains the trial court unconstitutionally invalidated the property owners' contracts without the participation of the property owners of the Pioneer Road stretch, the Blackwell tract, and the Brigadoon tract thereby depriving them of due process of law.

■ Our state constitution vests the Missouri Supreme Court with the exclusive jurisdiction to decide cases in which the validity of a state statute is challenged. Mo. Const. Article 5, Section 3.[4] We have jurisdiction if the constitutional issue was not preserved for appellate review. *Sharp v. Curators of University of Missouri*, 138 S.W.3d 735, 737 (Mo.App. E.D.2003). The constitutional issue was properly preserved in this case as it was raised at the first opportunity in the City's answer to Respondents' amended petition and in granting the motion for summary judgment, the trial court implicitly ruled the application of Section 71.014 was constitutional. *See Id.* at 738 (to properly preserve a constitutional issue for appellate review, the issue must be raised at the earliest opportunity and preserved at each step of the judicial process and the trial court must have ruled on the issue).

The next question is whether the City's claim that the trial court's application of

condition precedent determine that the land to be annexed is contiguous to the existing city, town, or village limits and that the length of the contiguous boundary common to the existing city, town, or village limit and the proposed area to be annexed is at least fifteen percent of the length of the perimeter of the area proposed for annexation.

Section 71.015.1(1).

4. We note this case was transferred by order of this court to the Missouri Supreme Court because of the constitutional issues raised. The Missouri Supreme Court, however, transferred the case back to this court without addressing any of the issues, including the constitutional issues.

Section 71.014 violates the right to contract and due process is real and substantial. In order for the mandate of Article 5, Section 3 to apply, the claim presented must be "real and substantial, not merely colorable." *Sharp*, 138 S.W.3d at 738. We find the City's claim is not real and substantial.

The City's contention that the trial court's application of compact is an unconstitutional impairment of the right to contract and violated due process fails first and foremost because the City has not established there was a contract. These were voluntary annexations of property not contractual situations. Because they were voluntary annexations, the annexations must meet the requirements of the statute, in particular Section 71.014. The annexations here did not meet the requirements because the tracts were not compact to the City. The property owners were not required to be parties. There is no unconstitutional impairment of the right to contract or violation of due process. Point two is denied.

■ In its third and final point, the City asserts the trial court erred in granting summary judgment in favor of Respondents because the trial court's interpretation of "contiguous and compact" is an unconstitutional impairment on the City's and property owners' right to peaceably assemble. The City argues the narrow definition prohibits the ability of the property owners to join their land to the City. We disagree.

In making this argument, the City relies on the First Amendment to the United States Constitution, which provides in pertinent part that "Congress shall make no law ... abridging ... the right to of the people peaceably to assemble." The City further relies on Article I, Section 9 of the Missouri Constitution, which provides "that the people have the right peaceably to assemble for their common good, and to apply to those invested with powers of government for redress of grievances by petition or remonstrance."

This constitutional argument was preserved and we must determine whether it is real and substantial. Here, again the City's constitutional challenge is not real and substantial. The City has cited no authority for its assertion the trial court's interpretation of "contiguous and compact" is an unconstitutional impairment on the City's and property owners' right to peaceably assemble. The trial court's interpretation of the statute and the requirement that the annexed property must be compact in no way interferes with the City's and the property's owners' First Amendment right to peaceably assemble. There is no constitutional violation. Point three is denied.

The trial court's grant of summary judgment in favor of Respondents is affirmed.

CLIFFORD H. AHRENS, and SHERRI B. SULLIVAN, JJ., concur.